# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50563
c/w No. 13-50565
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OCTAVIO MANZANARES-PUENTE, also known as Octavio Manzanares, also known as Octavio Manzanales, also known as Octavio Manzanales-Puente,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-162-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Octavio Manzanares-Puente appeals the 18-month within-guidelines sentence imposed for his illegal reentry conviction and the consecutive 14-month within-guidelines sentence imposed following the revocation of his supervised release for a prior illegal reentry conviction. He contends that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences are substantively unreasonable because they were greater than necessary to accomplish the sentencing goals under 18 U.S.C. § 3553(a).

We review Manzanares-Puente's arguments under the plain error standard because he did not object in the district court to the substantive reasonableness of his sentences. *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir.), *cert. denied*, 134 S. Ct. 470 (2013); *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). He concedes that plain error review applies but wishes to preserve for further review the issue "whether a failure to object to the reasonableness of a sentence upon its imposition requires plain error review."

Because the sentences were within the correctly calculated guidelines ranges, the sentences are presumptively reasonable. *See United States v. Diaz Sanchez*, 714 F.3d 289, 295 (5th Cir. 2013); *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). The district court's decision to order the sentences to be served consecutively was consistent with the advice under the Guidelines and is also entitled to a presumption of reasonableness. *See* U.S.S.G. § 5G1.3, comment. (n.3(C)); U.S.S.G. § 7B1.3(f), p.s.; *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Manzanares-Puente also wishes to preserve for further review the argument that the presumption of reasonableness should not apply to within-guidelines sentences calculated under U.S.S.G. § 2L1.2 because § 2L1.2 lacks an empirical basis. As conceded by him, such an argument is foreclosed by our

No. 13-50563
c/w No. 13-50565

precedent. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011).

According to Manzanares-Puente, the combined 32 months of imprisonment imposed by the district court was greater than necessary under § 3553(a) because guidelines calculations under § 2L1.2 lack an empirical basis and give heavy weight to a defendant's criminal history through enhancements, such as his four-level enhancement under § 2L1.2(b)(1)(D), that are based on prior convictions. He asserts that § 2L1.2 effectively double counted his criminal history, as one of his prior felony convictions was, in part, responsible for both his § 2L1.2(b)(1)(D) enhancement and his placement in criminal history category IV. Manzanares-Puente additionally argues that his sentences overstated the seriousness of his instant illegal reentry offense and failed to reflect his personal history and characteristics.

The district court listened to Manzanares-Puente's arguments for a lesser sentence but determined that consecutive imprisonment terms of 18 and 14 months were appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Manzanares-Puente has not shown sufficient reason to disturb the presumption of reasonableness applicable to his sentences. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). He has not shown that his sentences are substantively unreasonable.

AFFIRMED.