# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2013

No. 12-20166

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

RENE VALERIANO DIAZ SANCHEZ, also known as Rene Valeriano Diaz, also known as Rene V. Diaz, also known as Rene Valeriano Diaz-Sanchez,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, DENNIS, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Defendant–Appellant Rene Valeriano Diaz Sanchez appeals his sentence as procedurally and substantively unreasonable. Finding no error, we AFFIRM.

## FACTS AND PROCEEDINGS

Diaz Sanchez pleaded guilty to unlawfully reentering the United States in violation of 8 U.S.C. § 1326(a), (b)(2). The U.S. Probation Office (the "Probation Office") calculated in its presentence investigation report ("PSR") that Diaz Sanchez was subject to an advisory guidelines range of forty-six to fifty-seven months' imprisonment. The guidelines calculation rested in part on a

No. 12-20166

sixteen-level, offense level enhancement predicated on Diaz Sanchez's 2002 conviction of aggravated assault.

Diaz Sanchez did not object to the guidelines calculation; rather, Diaz Sanchez filed a sentencing memorandum requesting a sentence below the guidelines range. In his memorandum, Diaz Sanchez explained he was removed from the United States in 2006 and that, upon returning to his native El Salvador, he opened a restaurant. He alleged he was approached by members of the *Mara Salvatrucha* ("MS 13") gang, who began extorting progressively larger sums of money from him and, when not content with the funds he provided, issued death threats against him and his family. In 2008, hoping to escape MS 13, Diaz Sanchez stated he fled with his family back to the United States. U.S. authorities removed Diaz Sanchez to El Salvador once more in 2009, but Diaz Sanchez reported he was compelled to return to the United States after MS 13 resumed its harassment. Attached to the sentencing memorandum were letters from Diaz Sanchez's wife and children, asking the court for leniency and attesting to the peril Diaz Sanchez would face upon return to his home country. Diaz Sanchez argued the coercion and duress animating his decision to reenter the United States warranted either a departure below the guidelines range, under U.S. Sentencing Guidelines Manual § 5K2.12 [hereinafter "U.S.S.G."], or a non-guidelines variance. He also urged the court to depart downward, under U.S.S.G. § 5K2.0, or to vary his sentence below the guidelines range, because of his difficulty assimilating in El Salvador. He suggested the district court sentence him within a reduced guidelines range of eighteen to twenty-four months and that a sentence of eighteen months was sufficient to achieve the sentencing goals of 18 U.S.C. § 3553(a).

2

No. 12-20166

At sentencing, the district court informed the parties it had "read the whole file," including the sentencing memorandum and the letters Diaz Sanchez appended, and had reviewed Diaz Sanchez's suggestion of a sentence at the low end of a reduced range of eighteen to twenty-four months. The district court then adopted the PSR and all its addenda. The court offered defense counsel the opportunity to elaborate on its sentencing arguments, and counsel reiterated the threat posed to Diaz Sanchez by MS 13. The court questioned why Diaz Sanchez could not obtain a green card, as his wife and children were legal permanent residents in the United States. Counsel informed the court that Diaz Sanchez would be unable to earn permanent resident status because of his criminal history. Counsel added that Diaz Sanchez's wife faced difficulties in raising the couple's son, who struggled with ADHD, and that supporting his family was an additional reason behind Diaz Sanchez's decision to return to the United States.

Acknowledging the argument that Diaz Sanchez returned to the United States "for refuge," the court asked why Diaz Sanchez has "a criminal history category of three, including assault on family member, no driver's license, aggravated assault, possession of a controlled substance, and trespass on property?" The court further observed that the prior aggravated assault and drug possession offenses were felony convictions. Counsel pointed out this was Diaz Sanchez's first federal criminal offense and that he faced more time in prison than he had ever spent for his prior convictions. The court questioned how that was a mitigating factor, noting the differences between federal and state sentencing regimes. Diaz Sanchez then himself delivered a brief statement asking the court for forgiveness.

No. 12-20166

The court permitted the government to respond. The government argued for a sentence at the "middle to top" of the guidelines range calculated by the Probation Office, and explained that Diaz Sanchez's criminal history was "telling." It opposed a variance based on coercion in El Salvador, asserting that MS 13 is a problem for all Salvadorans.

The court then pronounced sentence:

> It is the judgment of the Court the defendant is hereby committed to the Bureau of the Prisons to be imprisoned in federal penitentiary for a term of 46 months. There will be, no, term of supervised release. It's further ordered he'll pay to the United States a special assessment of $100.

Defense counsel objected to the sentence as greater than necessary to achieve the purposes of punishment. Counsel also objected that the district court had not adequately addressed Diaz Sanchez's arguments for a variance or a departure, pointing to our decision in *United States v. Mondragon–Santiago*, 564 F.3d 357 (5th Cir. 2009), for authority. The court asked defense counsel to explain "how was it inadequate? Just tell me how it was inadequate so I can clean it up," and offered to "reset" the sentencing hearing. Counsel declined the offer to reset and responded that the court had not addressed the coercion Diaz Sanchez faced in El Salvador. The court interjected: "I said I've read the presentence report. I hereby adopt—overrule all objections and adopt the presentence report and all addendums." Neither party raised further objections. Prior to the hearing's conclusion, the district court offered to assign Diaz Sanchez to a prison facility close to his family, and defense counsel accepted the offer.

No. 12-20166

## STANDARD OF REVIEW

We review sentences for abuse of discretion in a bifurcated inquiry. *See United States v. Fraga*, 704 F.3d 432, 437 (5th Cir. 2013). We first assess whether the district court committed any significant procedural error, like "failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If we find no procedural error, we advance to consider the sentence's substantive reasonableness. *Id.*

## DISCUSSION

On appeal, Diaz Sanchez argues that his sentence is procedurally unreasonable because the district court did not adequately explain its sentence, neither addressing the arguments for a lower prison term proposed by Diaz Sanchez nor explicitly applying sentencing factors delineated in 18 U.S.C. § 3553(a) in imposing sentence. In addition, he maintains his sentence is substantively unreasonable, contending it is "plainly greater than necessary" in light of the mitigating factors he presented to the district court.

### I.    Procedural Unreasonableness

Diaz Sanchez argues the district court erred procedurally both in failing to offer reasons for dismissing his arguments for a lower sentence and in omitting to fully, and orally, assess the sentencing factors district courts consider under 18 U.S.C. § 3553(a). Federal Rule of Criminal Procedure 32(i) outlines procedural obligations of district courts at sentencing, providing that sentencing judges must allow the parties an opportunity to review and to comment on the PSR, and permit counsel, the defendant, and victims to allocute at sentencing. *See* FED. R. CRIM. P. 32(i)(1), (4); *see also id.* 32(k) (specifying the required elements in the judgment of conviction). Although Rule 32's apparent focus is

5

No. 12-20166

on permitting the *parties* the opportunity to present their views, Congress statutorily also requires that "[t]he *court*, at the time of sentencing, shall state *in open court* the reasons for its imposition of the particular sentence . . . ." 18 U.S.C. § 3553(c) (emphases added). The rule that sentencing courts must provide a reasoned basis for their sentences is a salutary and necessary component of our advisory guidelines sentencing regime. *See Rita v. United States*, 551 U.S. 338, 356 (2007) (noting this "requirement reflects sound judicial practice" and that "[a] public statement of . . . reasons helps provide the public with the assurance that creates . . . trust" in the judicial system); *id.* ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *id.* at 357–58 (describing that district courts' sentencing explanations can inform the "constructive[]" evolution of the Sentencing Guidelines); *cf. Gall*, 552 U.S. at 50 (specifying the district court "may not presume that the Guidelines range is reasonable. . . . [but] must make an individualized assessment based on the facts presented") (internal citation omitted). Those broad principles are easily recited, but are necessarily resistant to refinement into bright-line rules: the open-court reason-giving requirement is a flexible, context-specific command. *See Rita*, 551 U.S. at 356–58. That flexibility is reflected in § 3553(c)'s language and structure, as the statute enumerates additional obligations in cases in which the guidelines range exceeds twenty-four months or the court imposes sentence outside of the guidelines range. *See* § 3553(c)(1)–(2).

We have discerned certain guideposts in evaluating whether § 3553(c)'s reason-giving requirement is met in a given case. Broadly, the district judge

"'should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *United States v. Sanchez*, 667 F.3d 555, 567 (5th Cir. 2012) (quoting *Rita*, 551 U.S. at 356). We have summarized that "[w]hile sentences within the Guidelines require little explanation . . . more is required if the parties present legitimate reasons to depart from the Guidelines." *Mondragon–Santiago*, 564 F.3d at 362 (internal quotation marks and citations omitted). That means, when the defendant offers relevant arguments in favor of a lower sentence, the sentencing judge may not rest solely on "a bare recitation of the Guideline's calculation." *Id.* at 363; *see also United States v. Tisdale*, 264 F. App'x 403, 411 (5th Cir. 2008) (unpublished) ("Under *Rita* . . . failure to offer any reason whatsoever for rejecting the defendants' § 3553(a) arguments or any explanation for following the guidelines range constitutes failure to consider the § 3553(a) factors."). We have upheld sentences where the court at least "acknowledged that § 3553(a) arguments had been made and devoted a few words to rejecting them." *Mondragon–Santiago*, 564 F.3d at 363. Although a court must generally say more if it imposes a non-guidelines sentence, it "need not engage in robotic incantations that each statutory factor has been considered." *Fraga*, 704 F.3d at 439 (internal quotation marks omitted). We have clarified, further, that "[e]rror does not necessarily result when the district court's reasons . . . are not clearly listed for our review." *United States v. Bonilla*, 524 F.3d 647, 657 (5th Cir. 2008). We focus on the district court's statements in the context of the sentencing proceeding as a whole. *See id.* Ours, therefore, is a pragmatic, totality-of-the-circumstances

review into whether the district court evaluated the parties' sentencing arguments and rooted its sentence in permissible sentencing factors.

In this case, we find the district court sufficiently discharged its obligation under § 3553(c). To begin with, it explained that it had reviewed all the relevant materials and recounted Diaz Sanchez's principal arguments for a departure or a variance. On two occasions, the court emphasized that it adopted the PSR and its addenda, which themselves examine those arguments. It then critically engaged the positions of both defense and government counsel, emphasizing Diaz Sanchez's criminal history. After announcing sentence, the district court entertained defense counsel's objection and even offered to "reset" the sentencing at defense counsel's election. Diaz Sanchez does not dispute that all his arguments were asserted and heard. The government, meanwhile, pressed for a middle-to-upper guidelines-range sentence, emphasizing Diaz Sanchez's criminal history and arguing the court should reject Diaz Sanchez's reliance on the abuse he suffered in El Salvador. After considering that extensive argument, the district court chose to impose a forty-six month sentence, between the defendant's and the government's suggested results. The choice of sentence also indicates relative, responsive leniency, as the district court selected a sentence at the low end of the guidelines range and recommended Diaz Sanchez be incarcerated near to his family. In this case, we readily find that the district court weighed Diaz Sanchez's argument for a below-guidelines sentence, but, in light of the totality of the factors, the court found the defense's points only persuasive enough to warrant a sentence at the guidelines range's low end. We find the district court committed no procedural error.

No. 12-20166

## II.    Substantive Unreasonableness

Diaz Sanchez argues his sentence is substantively unreasonable because it does not sufficiently account for the mitigating factors in his case.  We conduct a substantive reasonableness analysis by examining the totality of the circumstances under an abuse of discretion standard.  *United States v. Rodriguez*, 660 F.3d 231, 233 (5th Cir. 2011).  Our review is "highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *Fraga*, 704 F.3d at 439 (internal quotation marks omitted); *see Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").  Sentences within a properly-calculated guidelines range enjoy a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).[1]  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Diaz Sanchez argues his sentence is unreasonable in failing to reflect that he faced severe hardship in El Salvador, desired to return to the United States to support his family, earned a sixteen-level, offense level enhancement for a remote, 2002 conviction for aggravated assault, and would serve, in his forty-

---

[1] Diaz Sanchez preserves for further review the argument that the guideline on which his sentence is based, U.S.S.G. § 2L1.2, is not owed a presumption of reasonableness because it is not founded on empirical evidence or study, acknowledging that our precedent forecloses the challenge.  *See Rodriguez*, 660 F.3d at 232–33.

No. 12-20166

month term of imprisonment, more time in prison than he did for any of his prior offenses. As described, however, the district court considered those arguments, prior to and during sentencing. We perceive no abuse of discretion in the district court's conclusion that a bottom-of-the-guidelines sentence was appropriate in light of the concerns Diaz Sanchez and the government raised. *See Cooks*, 589 F.3d at 186. We do not find Diaz Sanchez's sentence substantively unreasonable.

## CONCLUSION

Concluding the sentence is neither procedurally nor substantively unreasonable, we AFFIRM.