**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4343**

———————————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

PETER BLAKE, a/k/a Senator,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:12-cr-00092-WDQ-1)

———————————

Submitted:  March 27, 2014          Decided:  April 8, 2014

———————————

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Andrew C. White, SILVERMAN, THOMPSON, SLUTKIN & WHITE, LLC, Baltimore, Maryland for Appellant. Rod J. Rosenstein, United States Attorney, Peter M. Nothstein, Stefan D. Cassella, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter Blake appeals from his 240-month sentence, entered pursuant to his guilty plea to conspiracy to commit murder and kidnapping in aid of racketeering and aggravated re-entry after deportation. He avers that his sentence, which constituted an upward variance from the Guidelines range, was both procedurally and substantively unreasonable. We affirm.

The presentence report ("PSR") calculated Blake's Guidelines range to be 360 months. The district court granted a ten-offense-level departure for Blake's substantial assistance under U.S. Sentencing Guidelines Manual § 5K1.1 (2012), reducing Blake's Guidelines range to 121 to 151 months in prison. The court then imposed an upward variance sentence of 240 months based primarily on the gruesome nature of the murder underlying Blake's conspiracy charge.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012)

2

factors, and sufficiently explained the selected sentence.  Id. at 49-51.  If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances."  Id. at 51.

When a district court imposes a sentence that falls outside of the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range."  United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).  In conducting this review, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  Gall, 552 U.S. at 51.

Blake first challenges the procedural aspect of his sentence on the ground that the district court failed to provide an individualized assessment when it imposed the variant sentence.  "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it."  Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).  The court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair

3

sentencing." Gall, 552 U.S. at 50. An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

In this case, the court's reasoning demonstrated that it listened to and considered the arguments of counsel in general, reviewed the PSR, and considered the Guidelines range. The district court clearly stated the basis of its determination, and as such, even though that basis was not presented in a detailed manner, we conclude that it was sufficient to demonstrate that the court conducted the appropriate review.

Blake contends specifically that the district court did not adequately consider the unique and extraordinary nature of his cooperation. However, prior to its upward variance, the court granted the Government's motion for a ten-level departure under USSG § 5K1.1 based on Blake's substantial assistance. The

4

court thus explicitly recognized Blake's cooperation and indicated that it was giving Blake a substantial reward.[1]

Contrary to Blake's arguments, the disputed variance was based, not on a determination that Blake's cooperation was somehow less important or useful than the parties contended, but rather on a determination that the murder in which Blake participated was of such a gruesome and violent nature that it required a sentence above the Guidelines range. Blake does not dispute the district court's conclusions that the murder was deserving of greater punishment, that the murder was especially vile, or that an excessively lenient sentence for such a murder would lead to societal cynicism, which were the reasons proffered by the district court for its chosen sentence.

Instead, Blake contends that the district court did not consider or address: (1) the Government's decision to allow Blake to plead guilty to a conspiracy charge, thereby limiting his exposure to ten years for the murder; (2) the fact that Blake voluntarily came forward and cooperated against himself; (3) the district court's assurance to Blake at his guilty plea hearing that it had "no information" that would lead to a sentence above 135 months; and (4) how a consecutive ten year

---

[1] Blake's final sentence was ten years below the applicable Guidelines range before the substantial assistance departure.

5

sentence on the re-entry charge was appropriate when that crime had no factual connection to the murder.

First, point one cuts both ways. The fact that the Government cut a deal with Blake limiting his exposure was clearly a reward for his cooperation. As Blake was substantially rewarded for his cooperation in the plea agreement, it is unclear whether arguing this point at sentencing would have aided or hindered Blake's argument for a still lower sentence.[2] As this issue is not clearly applicable to the court's decisionmaking and, in any event, would have required speculation, we find that it was not procedural error to fail to mention the plea deal when imposing sentence.

As to point two, while the court did not explicitly note that Blake could have walked away from his decision to cooperate, this factor was part of the Government's motion for a large substantial assistance departure which was granted in full. Regarding point three, while the district court informed Blake at the Fed. R. Crim. P. 11 hearing that it had no

---

[2] According to Blake, Hubert Downer, his co-conspirator, pled guilty to a substantive murder offense carrying a maximum sentence of life in prison. As such, Blake was rewarded for his cooperation by the structuring of a plea agreement that capped his total exposure at 30 years as well as a substantial assistance departure that decreased his sentence to 20 years. The court also recognized that Blake might benefit from continued cooperation through a Rule 35 motion.

information that it would impose a sentence above 135 months,[3] Blake was clearly informed that the stipulations of the parties were not binding and that he could be sentenced up to the statutory maximum. As such, the court's statements (which were not raised by the parties at sentencing as a reason for a lower sentence) did not impact the statutory factors.

Finally, as to point four, the sentence on the aggravated re-entry charge was necessarily increased in order to reach the district court's chosen sentence, because the sentence on the conspiracy count was capped at 120 months. While the murder was unrelated to the aggravated re-entry, the court properly considered Blake's offenses and history in light of the § 3553 factors as a whole in determining the appropriate sentence. That is, the court was required to consider all the § 3553 factors in sentencing Blake on the aggravated re-entry conviction, not simply the facts and circumstances of that crime. See United States v. Rhine, 637 F.3d 525, 528-29 (5th Cir. 2011) (upholding variance sentence over four times longer than the top of the Guidelines range as procedurally reasonable when court relied on unrelated conduct as part of the defendant's history and characteristics under § 3553).

---

[3] The parties initially belied that the Guidelines range would be 108 to 135 months.

7

While the court's explanation was not lengthy or involved, we find that it was sufficient to show that the court considered the parties' arguments and had a reasoned basis for its decision. In fact, Blake's primary argument is not that the court's reasons are hard to discern but rather that he disagrees with the court's conclusion that Blake's reward for cooperation needed to be tempered by a greater recognition of and punishment for the crimes that he had committed. This is not a claim of procedural error, however. See United States v. Diaz Sanchez, 714 F.3d 289, 295 (5th Cir. 2013) (noting that argument that a sentence does not account for or gives too much credit to a particular factor is a claim of substantive unreasonableness). Accordingly, the court did not commit procedural error.

Blake next asserts the district court's imposition of an upward variance rendered his sentence substantively unreasonable because the court failed to account for his extraordinary cooperation. As discussed above, however, the district court granted a ten-level departure for Blake's cooperation, directly addressing the factor that Blake asserts was ignored. In subsequently imposing a variance sentence based upon the extent and type of Blake's criminal behavior, the court emphasized the need to not trivialize Blake's conduct. In so doing, the court noted Blake's past and underlined the particularly gruesome crime, thus explicitly basing the variance

8

on the history and characteristics of the defendant, as well as the need to afford adequate deterrence, to protect the public, and to promote respect for the law, each of which the court explicitly stated as a basis for its decision.

Blake avers that the Government made a recommendation of 135 months on the very same sentencing factors and that the Government cannot now argue that 240 months is not greater than necessary to comply with the statutory factors.  However, we do not review a sentence to determine if it is greater than necessary; instead, we review a sentence for reasonableness and an abuse of discretion, and more than one sentence can be substantively reasonable.  United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008) (citation omitted) ("[T]here is not a single reasonable sentence but, rather, a range of reasonable sentences. Consequently, reversal will result if-and only if-the sentencing court's ultimate determination falls outside the expansive boundaries of that universe.").  Because there is a range of permissible outcomes for any given case, an appellate court must resist the temptation to "pick and choose" among possible sentences and rather must "defer to the district court's judgment so long as it falls within the realm of these rationally available choices."  United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007); see also United States v.

9

Carter, 538 F.3d 784, 790 (7th Cir. 2008) (noting substantive reasonableness "contemplates a range, not a point").

Blake also contends that his co-conspirator Downer's identical sentence of 240 months proves that the district court did not adequately consider the extent of Blake's cooperation. Specifically, Blake averred that Downer (who was sentenced after Blake) was convicted of a charge carrying a maximum sentence of life imprisonment and did not come forward to cooperate until after he was apprehended. Blake argues that he is entitled to a substantially lesser sentence than Downer and that, if Downer's sentence was reasonable, his identical sentence cannot be.

Blake's contentions are flawed. While he argues that both his and Downer's sentences cannot both be reasonable, this assertion again ignores the fact that, in each case, there is a range of reasonable sentences. Blake's assertion that his sentence does not fall within the reasonable range is unconvincing. Blake's sentence was individually tailored based primarily upon both his cooperation with authorities and his participation in a grisly crime. The court provided a specific justification for its upward departure, and Blake was sentenced to ten years less than the statutory maximum. The court's determination that, even in the light of extraordinary cooperation, a sentence of 108 (requested by Blake) or 135 months (requested by the Government) was insufficient punishment

10

for a particularly gruesome and violent murder committed by someone with a violent past was not unreasonable.

Accordingly, we affirm Blake's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

11