# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11397
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PAUL HARVILICZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CR-14-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:*

Paul Harvilicz pleaded guilty to one count of attempted transfer of obscene material to a minor (an undercover officer posing as a 15-year-old girl), in violation of 18 U.S.C. § 1470, and was sentenced to 70 months' imprisonment. The sentence is an upward variance from the applicable advisory Sentencing Guidelines range of 21-27 months. Harvilicz claims his sentence is substantively unreasonable because it is greater than needed to

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

achieve sentencing the goals of 18 U.S.C. § 3553(a) (factors considered in imposing a sentence); and, along that line, maintains the district court provided inadequate reasons to support it.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

When a district court imposes an upward variance, it "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing". *Gall*, 552 U.S. at 50 (citation omitted). This court has not established any absolute rules regarding the adequacy of reasons, explaining that "the open-court reason-giving requirement is a flexible, context-specific command". *United States v. Diaz*, 714 F.3d 289, 293 (5th Cir. 2013) (citation omitted). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted). "Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010) (citation omitted).

The district court demonstrated it had a reasoned basis for its decision after considering the parties' arguments. *E.g., Rita*, 551 U.S. at 356. It

No. 13-11397

determined an upward variance was approrpiate based on "the nature and circumstances of th[e] offense and [Harvilicz's] history and characteristics" in the light of its adoption of the facts in the presentence investigation report (PSR) and the Government's memorandum of facts. The court also noted Harvilicz's "prior sex offense conviction".

Harvilicz has also not shown the district court afforded "significant weight to an irrelevant or improper factor" when considering the facts in the PSR and the Government's memorandum of facts, as he must when contesting a non-Guideline sentence. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006) (citation omitted). His lone contention on this point rests solely on the possibility that the court erroneously ordered the upward variance because of his online conversations with the undercover officer about his conduct with other minors, as well as his online conversations with other minors not the focus of the count to which he pleaded guilty. This assertion fails because, as noted, the district court assessed the totality of the circumstances in the light of the PSR and the Government's memorandum of facts: *inter alia*, the nature and circumstances of the offense and Harvilicz's history and characteristics. The record, viewed in its totality, and even excluding the allegedly unlawful conversations, supports the upward variance. Therefore, the sentence is not greater than needed to carry out the goals of § 3553(a).

AFFIRMED.