# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20183
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN JOSE RAMIREZ-DAVILA, also known as Juan Jose Ramirez Davila, also known as Juan Jose Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-584-1

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Juan Jose Ramirez-Davila (Ramirez) appeals from his conviction of illegal reentry following deportation. He contends that his 45-month sentence of imprisonment, one month less than the minimum term of the advisory guideline sentencing range, is procedurally unreasonable because the district court did not adequately explain its reasons for the sentence in light of his request for a downward departure based on the age of his prior conviction for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transporting aliens, his youth at the time of that offense, his 13-year period with no convictions, and his continued gainful employment.  He argues that the sentence was substantively unreasonable because the district court failed to take into account the age of his prior conviction and his youth at the time of that offense.

This court reviews sentences for reasonableness by engaging in a bifurcated review.  *Gall v. United States,* 552 U.S. 38, 49-51 (2007); *United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008).  First, the appellate court must ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range."  *Gall,* 552 U.S. at 51.  If the district court's sentencing decision is procedurally sound, the appellate court should then consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Id.*

District courts are required to state in open court the reasons for imposing a particular sentence.  § 3553(c); *United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010).  "The district court's statement of reasons should be fact-specific and consistent with the sentencing factors enumerated in § 3553(a) . . . . The court's justification for a particular sentence must be sufficient to allow for meaningful appellate review and to promote the perception of fair sentencing."  *Id.* (internal citations and quotation marks omitted).  Where a district court "decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."  *Rita v. United States,* 551 U.S. 338, 356 (2007).  "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will

normally go further and explain why he has rejected those arguments." *Id.* at 357. This explanation by the district court will "allow for meaningful appellate review." *Gall,* 552 U.S. at 50. This court focuses "on the district court's statements in the context of the sentencing proceeding as a whole," *United States v. Diaz Sanchez*, 714 F.3d 289, 294 (5th Cir. 2013), and conducts "a pragmatic, totality-of-the-circumstances review into whether the district court evaluated the parties' sentencing arguments and rooted its sentence in permissible sentencing factors," *id.*

The district court listened to Ramirez's arguments, engaged in a discussion with defense counsel and the Government, and provided reasons for sentencing Ramirez to 45 months. Moreover, the district court explicitly rejected the argument that the guideline sentencing range overstated the seriousness of Ramirez's past criminal conduct. Additionally, the district court explicitly listed as factors Ramirez's illegal entries and reentry into the United States, the fact that this was his third conviction, and the lenient sentences he received for transporting aliens and failing to stop and provide information. The district court stated "that this sentence addresses the goals of punishment and the protection of the public and serves as a deterrent to this defendant reentering the United States." Just punishment, protection of the public, and specific deterrence are among the factors listed at § 3553(a). Reviewing the totality of the circumstances, the district court provided an adequate explanation of the sentence that addressed the § 3553(a) factors. *See Diaz Sanchez*, 714 F.3d at 294.

"[A] sentence within a properly calculated guideline sentencing range is presumptively reasonable." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). To the extent that Ramirez's 45-month sentence represented a one-month downward departure from the 46-month low end of the guideline range, the sentence still is entitled to a presumption of correctness. *See United States*

*v. Murray,* 648 F.3d 251, 258 (5th Cir. 2011).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Ramirez's prior conviction fell within the 15-year period to be included in his criminal history score, *see* U.S.S.G. § 4A1.2(e)(1), and his relative youth at the time of the offense, standing alone, was not a recommended ground for departure under the Guidelines, *see* § 5H1.1, p.s.  Although the Sentencing Guidelines are advisory, *see United States v. Booker*, 543 U.S. 220, 245 (2005), the district court was required to consider them when formulating Ramirez's sentence, *see* § 3553(a)(4)(A)(i).  To the extent Ramirez relies on *Roper v. Simmons*, 543 U.S. 551 (2005), that reliance is misplaced.  In *Roper,* the Supreme Court  invalidated the imposition of the death penalty on defendants age 18 and younger. *Roper*, 543 U.S. at 568.  Ramirez was not a juvenile when he committed his prior offense, and *Roper* does not require that relative youth be taken into account when a defendant is an adult.  *See id.* at 574.  Moreover, the reasons articulated by the district court explicitly addressed some of the § 3553(a) factors.  The district court's weighing of the § 3553(a) factors is entitled to deference, and Ramirez's mere disagreement with the court's weighing does not establish that the sentence was substantively unreasonable. *See Gall,* 552 U.S. at 51.  The district court was permitted to use its judgment in weighing the sentencing factors, and this court may not reweigh them.  *See id.* at 51-52.

AFFIRMED.