# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE GOMEZ-REYES, also known as Jorge Pedro Gomez, also known as Jorge Gomez, also known as Jorge Gomez Reyes, also known as Aurelio Nicolas Tapia, also known as Aurelio N. Tapia, also known as Aurelio Tapia-Nicolas, also known as Aurelio Tapia Nicolas,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-543-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Gomez-Reyes appeals the sentence imposed for his conviction for illegal reentry by a previously deported alien after a felony conviction. The district court sentenced him below the advisory guidelines range to 18 months of imprisonment, followed by one year of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20009

Gomez-Reyes argues that resentencing is appropriate because the district court failed to adequately explain its reasons for the sentence. He asserts that the district court did not address his mitigation arguments concerning his familial circumstances and the overrepresentation of his criminal history and made no mention of the sentencing factors under 18 U.S.C. § 3553(a) apart from the Sentencing Guidelines.

A sentencing court commits significant procedural error where it fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *accord United States v. Diaz Sanchez*, 714 F.3d 289, 294 (5th Cir. 2013). The adequacy of the district court's statements are considered in the context of the sentencing proceeding as a whole. *Diaz Sanchez*, 714 F.3d at 294.

Because Gomez-Reyes did not object to the district court's explanation of the sentence, plain error review applies to his argument. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Gomez-Reyes must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* Gomez-Reyes acknowledges that plain error review applies pursuant to circuit precedent but wishes to preserve for further review the question whether a defendant must specifically object to the adequacy of the explanation of a sentence in order to avoid plain-error review of the issue on appeal.

No. 14-20009

The record reflects that the district court listened to and considered Gomez-Reyes's arguments for a lesser sentence. Based on its statements during the sentencing hearing, the district court sufficiently discharged its obligation to explain its reasons for the sentence. *See Diaz Sanchez*, 714 F.3d at 294-95. Furthermore, to show that an error affected his substantial rights, Gomez-Reyes must demonstrate a reasonable probability that the result of the proceeding would have been different but for the error. *See Mondragon-Santiago*, 564 F.3d at 364. However, he does not explain why a more robust discussion by the district court would have resulted in a lesser sentence. Thus, he has also failed to show an effect on his substantial rights for purposes of plain error review. *See Mondragon-Santiago*, 564 F.3d at 365.

AFFIRMED.