# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50954
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERMELINDO ANGELES-TREJO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-38-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Hermelindo Angeles-Trejo pleaded guilty to illegal reentry and was sentenced within the advisory guidelines range to 33 months of imprisonment. He now appeals, arguing that his sentence is substantively unreasonable.

As an initial matter, Angeles-Trejo contends that his within-guidelines sentence should not be afforded a presumption of reasonableness because U.S.S.G. § 2L1.2 is not based on empirical data. He concedes that the issue is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50954

foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), and raises it only to preserve for possible further review.

Angeles-Trejo can rebut the presumption of reasonableness that applies "by a showing that the sentence does not account for a factor that should receive significant weight, giving weight to an improper factor, or demonstrating a clear error in judgment in balancing the factors." *United States v. Powell*, 732 F.3d 361, 381-82 (5th Cir. 2013). Angeles-Trejo argues that the district court made a clear error of judgment in balancing the relevant 18 U.S.C. § 3553(a) factors. However, neither Angeles-Trejo's "desire[] to return to the United States to support his family" nor the harsh effect of the 12-level enhancement under § 2L1.2(b)(1)(A) for his remote assault conviction rebuts the presumption of reasonableness. *United States v. Diaz Sanchez*, 714 F.3d 289, 295 (5th Cir. 2013). Further, in selecting the sentence, the district court properly examined the relative importance of deterrence in relation to Angeles-Trejo. *See United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011). As Angeles-Trejo has not rebutted the appellate presumption that his within-guidelines sentence is reasonable or demonstrated that the district court abused its discretion in selecting it, *see Gall v. United States*, 552 U.S. 38, 51 (2007), the judgment of the district court is AFFIRMED.