# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41650
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO PADILLA-PECINA, also known as Leonel Longoria-Baes, also known as Juan Padilla,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-599-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Padilla-Pecina appeals his within-guidelines sentence of 77 months of imprisonment imposed for his guilty plea conviction of illegal reentry after removal following an aggravated felony conviction. *See* 8 U.S.C. § 1326(a), (b)(2). We review the reasonableness of the sentence for an abuse of discretion while applying a presumption of reasonableness. *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41650

*Diaz Sanchez*, 714 F.3d 289, 295 & n.1 (5th Cir. 2013).  We review unpreserved arguments for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

We have rejected reasonableness challenges to illegal reentry sentences based on claims that U.S.S.G. § 2L1.2 lacks an empirical basis.  *See, e.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  We have also rejected the argument, raised for the first time on appeal, that illegal reentry is merely an international trespass and that its seriousness is overstated by § 2L1.2.  *See e.g.*, *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).  Padilla-Pecina fails to overcome the presumption of reasonableness or to demonstrate error, plain or otherwise.  *See Diaz Sanchez*, 714 F.3d at 295.

AFFIRMED.