# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40383
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
August 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ALBERTO SALAZAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-550-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Alberto Salazar appeals the 51-month within-guidelines sentence he received after he pleaded guilty to possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). He argues that his sentence is unreasonable. Because Salazar did not preserve the procedural error he now raises and did not object to the substantive reasonableness of his sentence after it was imposed, we review for plain error. *See Puckett v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40383

*States*, 556 U.S. 129, 135 (2009); *Gall v. United States*, 552 U.S. 38, 49-51 (2007); *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Salazar's assertion that his sentence is procedurally unreasonable because the district court misapprehended his objection to the U.S.S.G. § 2K2.1(b)(4)(A) enhancement is disingenuous, as he never asked the district court to vary from the calculated guidelines range, and the record does not show that the district court erroneously believed it could not depart downwardly. *See United States v. Hernandez*, 457 F.3d 416, 424 & n.5 (5th Cir. 2006). Further, the district court considered all of the evidence and arguments before it and had a reasoned basis for exercising its decisionmaking authority. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Diaz Sanchez*, 714 F.3d 289, 293-95 (5th Cir. 2013). Salazar fails to show that his sentence was substantively unreasonable as he has not rebutted the presumption we accord his within-guidelines sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). He, therefore, fails to show plain error with respect to the procedural or substantive reasonableness of his sentence. *See Puckett*, 536 U.S. at 135.

We review for plain error Salazar's arguments that § 922(g)(5)(A) violates the Second Amendment and the Fifth Amendment's Due Process Clause with respect to his equal protection rights, as he did not raise them in the district court. *See United States v. Ebron*, 683 F.3d 105, 155 (5th Cir. 2012). Salazar fails to show plain error. *See Puckett*, 536 U.S. at 135; *United States v. Portillo-Munoz*, 643 F.3d 437, 440 (5th Cir. 2011) (Second Amendment); *United States v. Williams*, 365 F.3d 399, 407-08 (5th Cir. 2004) (due process); *United States v. Mirza*, 454 F. App'x at 249, 258-59 (5th Cir. 2011) (equal protection).

AFFIRMED.