# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2018

Lyle W. Cayce
Clerk

No. 17-30565
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALEXANDER MICHAEL SEGOVIA, also known as Alex,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CR-21-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alexander Michael Segovia  challenges his within-Guidelines sentence of 168 months' imprisonment, imposed subsequent to his pleading guilty to conspiracy to distribute, or possess with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846.  In challenging his sentence as substantively unreasonable, he emphasizes, *inter alia*, his: lack of prior criminal history; stable family ties and support network;

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30565

hardworking nature; assistance to the Government's investigation; and military service. As further support, he contends his sentence is greater than necessary and his rehabilitative treatment needs as a combat veteran are not best served by a lengthy period of incarceration.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection, as discussed *infra*, to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Even though the Government does not seek plain-error review, "[i]t is well-established that our court, not the parties, determines the appropriate standard of review". *United States v. Suchowolski*, 838 F.3d 530, 532 (5th Cir. 2016). In his sentencing memorandum to the district court, Segovia requested a below-Guidelines sentence for the reasons he asserts on appeal; but, he did not specifically object on those bases at sentencing. Instead, he stated only that he "object[ed] to the sentence as substantively unreasonable for the reasons set forth in the sentencing memo[randum]".

For issues not preserved in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, defendant must show a forfeited plain error (a clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes

2

that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

To the extent Segovia did not preserve every assertion underlying his reasonableness challenge, we need not decide the applicability of plain-error review because his contentions even fail under the above-described abuse-of-discretion standard. *Gall*, 552 U.S. at 51. In that regard, he has not rebutted the well-established presumption of substantive reasonableness applicable to within-Guidelines sentences. *United States v. Diaz Sanchez*, 714 F.3d 289, 295 (5th Cir. 2013). Along that line, he has not pointed to any part of the record establishing the court, in its detailed analysis at sentencing, gave improper weight to any sentencing factor. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Instead, his reasonableness challenge essentially asks us to reweigh those 18 U.S.C. § 3553(a) sentencing factors, which is not within the scope of our review. *Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

AFFIRMED.