# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11302
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOE ROSALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-55-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Joe Rosales appeals the 360-month sentence imposed following his guilty plea conviction for conspiracy to possess with the intent to distribute methamphetamine, urging that his sentence is unreasonable. He challenges the assessment of two of his ten criminal history points. He also argues that the district court erroneously converted drug proceeds entirely to methamphetamine rather than other types of drugs. Finally, he challenges

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the substantive reasonableness of his sentence arguing that the district court "failed to give regard to and balance all the relevant sentencing factors," resulting in a sentence that was greater than necessary to achieve the sentencing purposes of 18 U.S.C. § 3553(a).

To the extent Rosales argues that he should not have been assessed two criminal history points under U.S.S.G. § 4A1.1(d) for committing the instant offense while serving a sentence of probation, his argument is not well-taken. Rosales asserts that his probation for his 2014 Texas DWI conviction should have expired in November 2016 and only remained pending because the State failed to adjudicate the October 2016 motion to revoke filed in that case promptly and did not execute the revocation warrant until after he was arrested on the instant charges. Without the enhancement, his criminal history score would have been IV rather than V. However, the record establishes that Rosales began engaging in the instant methamphetamine conspiracy in August 2016. The August 2016 start date of his offense was well within the two-year term of probation, predating both the November 2016 expiration date and the October 2016 motion to revoke. Thus, the delay had no bearing on the assessment of the two criminal history points. *See* § 4A1.1(d). It follows that the district court's rejection of his request for a below-guidelines sentence on this ground did not result in an unreasonable sentence.

Next, Rosales urges that it was "unreasonable" for the district court to convert $34,929.10 in drug proceeds authorities discovered in his house and storage units to methamphetamine rather than cocaine or marijuana for sentencing purposes. He argues that conversion to methamphetamine yields the highest offense level and that, had the PSR converted the drug proceeds into either cocaine or marijuana instead, his total offense level would have been 38 rather than 40.

No. 18-11302

This court need not address the merits of the claim because, even assuming arguendo that Rosales is correct and that his total offense level should have been 38, his resulting guidelines range would have remained unchanged. *See* U.S.S.G. Ch. 5, Pt. A. Consequently, any error was harmless; it also did not affect his substantial rights. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 315 (5th Cir. 2013).

Finally, Rosales contends that the low-end guideline sentence he received was greater than necessary to achieve the purposes of § 3553(a), specifically asserting that the district court failed to consider the mitigating arguments he raised at sentencing. To the contrary, the record shows that the district court considered his mitigating arguments in favor of a below-guidelines sentence, but in weighing those arguments and the § 3553(a) factors, determined that a low-end guidelines sentence was appropriate. *See United States v. Diaz Sanchez*, 714 F.3d 289, 294-95 (5th Cir. 2013). In effect, Rosales disagrees with the court's sentencing decision and asks this court to reweigh the § 3553(a) factors, which this court will not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

For the foregoing reasons, the district court's judgment is AFFIRMED.