# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2022

Lyle W. Cayce
Clerk

No. 21-20414
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NATHAN MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-747-1

Before JOLLY, JONES, and HO, *Circuit Judges*.

PER CURIAM:*

Nathan Martinez pleaded guilty, without the benefit of a plea agreement, to aiding and abetting the stealing of firearms from a federal licensee, in violation of 18 U.S.C. § 924(m) and 2. The district court imposed a below-guidelines sentence of 105 months of imprisonment followed by a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

three-year term of supervised release.  Martinez had requested a sentence of just 36 months.  On appeal, Martinez argues that the district court erred procedurally and substantively by failing to consider his mitigating argument that he had been abused as a child.

When reviewing sentences, we first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).  If there is no procedural error, we consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014) (internal quotation marks and citation omitted).  During both steps of this review, we review "the sentencing court's interpretation or application of the Sentencing Guidelines de novo, and its factual findings for clear error." *Id*. at 598-99.

Because Martinez did not preserve his claims of procedural error, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To establish plain error, Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks, alterations, and citation omitted).

Martinez argues that his sentence was procedurally unreasonable because the district court did not squarely address his argument that a non-guideline sentence was warranted due to the abuse he suffered as a child. Section 3553(c) requires the district court to state the reasons for a particular sentence in open court at sentencing and the "specific reason" for a non-guidelines sentence if one is imposed. § 3553(c); *See United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010). The explanation for the sentence must be sufficient to "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. The district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

A review of the record shows that the district court did consider Martinez's argument regarding childhood abuse, referring to the "good qualities" he demonstrated by becoming a successful general contractor despite his difficult childhood. *See United States v. Diaz Sanchez*, 714 F.3d 289, 294 (5th Cir. 2013) (holding that this court focuses "on the district court's statements in the context of the sentencing proceeding as a whole."). The district court also explicitly stated that it considered the § 3553(a) factors, and it adopted the presentence report, which detailed Martinez's abuse. Accordingly, Martinez has not shown that his sentence is procedurally unreasonable. *See Gall*, 552 U.S. at 51.

Martinez also argues that his sentence was substantively unreasonable because, by not considering his argument concerning childhood abuse, the district court did not account for a factor that should have received significant weight. We review Martinez's preserved challenge to the substantive reasonableness of his sentence for an abuse of discretion. *Robinson*, 741 F.3d at 598. A properly calculated below-guidelines sentence is presumptively reasonable. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). To

rebut this presumption, a defendant must show that his sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 558 (internal quotation marks and endnote omitted). Because Martinez has not done so, he has not rebutted the presumption of reasonableness. *See id.* His argument amounts to a request for this court to "substitute [its] judgment for that of the district court, which [it] will not do." *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). Accordingly, he has not shown that the district court abused its discretion. *See Gall*, 552 U.S. at 51.

For these reasons, the sentence imposed by the district court is AFFIRMED.