# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10744
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Leslie Michael Alt,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-368-1

————————————————————

Before Wiener, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Leslie Michael Alt pleaded guilty to two counts of producing child pornography, in violation of 18 U.S.C. § 2251(a), and three counts of transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1). The district court imposed consecutive terms of imprisonment on each count, resulting in a total aggregate term of imprisonment of 120

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

years.  On appeal, Alt contends that the consecutive terms of imprisonment on the transportation counts are multiplicitous and that his sentence is substantively unreasonable.

We conclude that Alt's sentences on the transportation counts are not multiplicitous because those counts are based on three distinct transactions in which officers downloaded child pornography from Alt's computer via a peer-to-peer file sharing network. *See United States v. Woerner*, 709 F.3d 527, 531–33, 541 (5th Cir. 2013); 18 U.S.C. § 2252A(a)(1).  Alt himself knowingly downloaded and stored those videos, and he consented to each of them being shared, so we are unpersuaded by his contention that his transportation crimes consisted of merely one action.  *See Woerner*, 709 F.3d at 541; *cf. United States v. Richardson*, 713 F.3d 232, 235–36 (5th Cir. 2013).

In addition, Alt has not rebutted the presumption of substantive reasonableness applicable to his within-guidelines prison sentence.  *See United States v. Diaz Sanchez*, 714 F.3d 289, 295 (5th Cir. 2013) (applying abuse-of-discretion standard of review).  Our review of the record confirms that the district court articulated acceptable reasons as to why it was unpersuaded by Alt's mitigating arguments, and in light of the facts of this case, it did not clearly err in placing the most weight on the retributive factors articulated in 18 U.S.C. § 3553(a)(2)(A).  *See Diaz Sanchez*, 714 F.3d at 295.

The judgment of the district court is AFFIRMED.