# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2025

Lyle W. Cayce
Clerk

No. 25-40270
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Armando Jose Flores, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:24-CR-707-1

_____

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Armando Jose Flores, Jr. challenges his within-Guidelines 121-months' sentence imposed after he pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (prohibiting receipt), (b)(1) (setting penalty), 18 U.S.C. § 2256 (defining conduct).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40270

Flores contends his sentence is substantively unreasonable. Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

To support his substantive-unreasonableness challenge, Flores asserts the court did not consider his psychological-sexual-risk evaluation, which he provided. A within-Guidelines sentence, as in this instance, is presumptively reasonable. *E.g.*, *United States v. Diaz Sanchez*, 714 F.3d 289, 295 (5th Cir. 2013). Review of the record shows the court considered all relevant evidence—including the psychological-sexual-risk evaluation. The evaluation concluded he: showed no current-dangerous-sexual attitudes toward others; and appeared to provide genuine responses. On the other hand, the evaluation concluded he: did not understand why child pornography is wrong; and needs years of sexual behavioral treatment to potentially develop empathy and remorse. Accordingly, Flores fails to rebut the presumption of reasonableness by showing, *inter alia*, that "the sentence . . . represents a clear error of judgment in balancing [the] sentencing factors". *Id.* (citation omitted). There was no abuse of discretion.

AFFIRMED.

2