**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 30, 2006**

**Charles R. Fulbruge III**
**Clerk**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 05-60272

(Summary Calendar)
_____

GOPAL KRISHAN AGGARWAL; UMA AGGARWAL; SURIYA AGGARWAL;
NEERJA AGGARWAL

                    Petitioners

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

                    Respondent

_____

Petition for Review from the
Board of Immigration Appeals,
No. A97 641 994
_____

Before SMITH, GARZA, AND PRADO, Circuit Judges.

PER CURIAM:[*]

        Gopal Krishan Aggarwal, his wife, and their children
(collectively, "Petitioners") petition for review the decision of
the Board of Immigration Appeals ("BIA") affirming the
Immigration Judge's ("IJ") decision to deny their application for
asylum, withholding of removal, and relief under the Convention

_____

        [*]        Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

Against Torture.

In its denial, the BIA summarily affirmed the opinion of the Immigration Judge, including a finding that Mr. and Mrs. Aggarwal were not credible witnesses.  Petitioners argue that the credibility determination is not supported by substantial evidence.

I

Ordinarily, we review decisions made by the BIA.  However, where the BIA summarily affirms the IJ's order, we review the IJ's findings.  Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003); Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).  We will not disturb factual findings of the BIA unless we "find not only that the evidence supports a contrary conclusion, but that the evidence compels it."  Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994); see also 8 U.S.C. § 1252(b)(4)(B).  This "substantial evidence" standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

We give great deference to an IJ's findings concerning a witness's credibility.  Efe, 293 F.3d at 903.  In making a credibility determination, the factfinder should consider the totality of the circumstances and may base his decision on, inter alia, the witness's demeanor, the "inherent plausibility" of the witness's account, the internal consistency of the account, and

2

the consistency of the account with other evidence.  8 U.S.C. §
1158(b)(1)(iii).

The record does not compel this court to find Mr. and Mrs.
Aggarwal credible on the basis of these factors.  As the IJ
discussed in his decision, there were inconsistencies within, as
well as between, the Aggarwals' testimonies.  In addition, the IJ
found some of their assertions implausible.  He also found Mr.
Aggarwal's testimony to be vague and his responses guarded and
generalized.

                                II

Petitioners also ask this court to reevaluate our holding in
Soadjede v. Ashcroft,  324 F.3d 830 (5th Cir. 2003), that
procedures under which a single member of the BIA could summarily
affirm a decision of an IJ does not deprive this court of a basis
for judicial review and does not violate due process.  Id. at
832-33.  We review questions of law de novo.  Efe v. Ashcroft,
293 F.3d 899, 903 (5th Cir. 2002).  Petitioners' particular due
process complaint that they did not receive an adequate
explanation of the BIA's reasoning is unavailing.  In Soadjede,
we noted that the summary affirmance procedures of the BIA are
similar to this court's and other courts' summary disposition
procedures, which do not violate due process.  324 F.3d at 832;
see 5TH CIR. R. 47.6 (providing for affirmance without opinion
under enumerated circumstances).  Because the decision of the IJ
in the instant case was correct and did not raise novel or

substantial factual or legal questions, the decision met the criteria for summary affirmance. See 8 C.F.R. § 1003.1(d). Petitioners had a full evidentiary hearing before an IJ and appeals to both the BIA and this court, satisfying due process. In addition, we have a reasoned basis for review because the oral decision and order of the immigration judge provides the basis for review. Albathani v. INS, 318 F.3d 365, 376-78 (1st Cir. 2003). Thus, we reaffirm our holding in Soadjede.

## III

For the foregoing reasons, we will not disturb the BIA's adverse credibility finding. Because Petitioners' asylum application depends on the Aggarwals' testimony, we conclude that they have not demonstrated their eligibility for asylum, withholding of removal, or relief under the Convention Against Torture and accordingly DENY their petition for review.