# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3297

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Eastern |
| | * District of Missouri. |
| Michael Lee Knight, | * |
| | * [PUBLISHED] |
| Appellant. | * |

_____

Submitted: April 15, 2010
Filed: July 29, 2010

_____

Before RILEY, Chief Judge, COLLOTON and BENTON, Circuit Judges.

_____

PER CURIAM.

Michael Lee Knight pled guilty to failure to pay child support under 18 U.S.C. § 228(a)(3). The district court[1] sentenced him to 20 months' imprisonment, and ordered restitution of $78,565.85. He appeals the reasonableness of his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Knight failed to make $35,833.13 in child support payments, and pled guilty to failure to pay child support, without the benefit of a plea agreement. After a two-level

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

reduction for acceptance of responsibility, Knight's total offense level 12 and criminal history category VI yielded a Sentencing Guidelines range of 30-37 months imprisonment. However, the statutory maximum of 24 months became the guideline sentence under Guideline § 5G1.1(a).

This court reviews a district court's sentencing for abuse of discretion. *United States v. Blankenship*, 552 F.3d 703, 704 (8th Cir. 2009); *see United States v. Gall*, 552 U.S. 38, 51 (2007). "[A] district court's imposition of a sentence within the advisory guidelines range is presumptively reasonable." *United States v. Wallenfang*, 568 F.3d 649, 662 (8th Cir. 2009).

Knight first argues that his 20-month sentence is unreasonable because the district court did not address his poverty, history of sexual and physical abuse, struggles with drug addiction and bipolar disorder, incarceration while he was to pay child support, and efforts to care for his current wife, mother, children and stepchildren. He cites *United States v. Thomas*, 498 F.3d 336, 341 (6th Cir. 2007), for the proposition that a district court fails to adequately explain its sentence when arguments in the sentencing memorandum go "unmentioned and unaddressed, save the general statement by the district court that it had received, read, and understood the sentencing memorandum." However, in this case the district court specifically addressed Knight's lack of income, his "drug abuse issue," his prior problems with the law, and that he was "doing stuff to help out at home." "[T]he [district] court need not specifically respond to every argument made by the defendant, or mechanically recite each § 3553(a) factor." *United States v. Struzik*, 572 F.3d 484, 487 (8th Cir. 2009) (internal citation omitted). "Rather, the district court must simply 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Id.*, *quoting Rita v. United States*, 551 U.S. 338, 356 (2007). Here, although the district court did not respond to each of Knight's arguments, it considered them and had a reasoned basis for imposing a 20-month sentence.

Knight contends that the district court gave significant weight to the fact that Knight and his family receive Social Security disability income, an allegedly irrelevant factor. According to the sentencing transcript, the court noted the disability income only when considering how Knight survived without a steady job for four years. Nothing suggests that the district court gave this factor any weight in its sentencing decision, and it did not abuse its discretion by mentioning the factor.

Knight asserts that his sentence reduces respect for the law because he could have pled to a misdemeanor *if* he paid 10% of the loss amount. However, the district court correctly noted that such a plea bargain is routinely offered because the ultimate end is the welfare of the child. The possibility of such a deal is irrelevant to the district court's sentencing discretion. At sentencing, Knight had already pled guilty to the felony change. The district court heard all the arguments, properly considered the § 3553(a) factors, and in fact varied downward four months from the guideline sentence. *See United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009) ("where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further" (internal quotation marks omitted)). The district court did not abuse its discretion in sentencing Knight to 20 months' imprisonment.

The judgment of the district court is affirmed.

_____