In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1459

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GILBERT SPILLER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 CR 742 — **Charles P. Kocoras**, *Judge.*

ARGUED SEPTEMBER 27, 2013 — DECIDED OCTOBER 10, 2013

Before WOOD, *Chief Judge*, and BAUER and EASTERBROOK, *Circuit Judges.*

BAUER, *Circuit Judge.* Gilbert Spiller was charged with two counts of distributing cocaine base, and one count of selling a firearm to a felon. He pleaded guilty. The government sought enhanced punishment under 21 U.S.C. § 851 due to Spiller's prior felony drug convictions. At sentencing, neither side objected to the calculated Guidelines range of 262 to 327 months. Spiller's counsel, however, argued for a below-

Guidelines sentence, contending that the § 851 enhancement created an unwarranted sentencing disparity. The district court imposed a sentence of 240 months. Spiller now appeals the sentence to this Court, contending the district court failed to adequately consider his argument concerning the § 851 enhancement. We affirm the sentence imposed by the district court.

## I. BACKGROUND

Spiller has a lengthy criminal history. He was first charged in 1989 at age 13 and found to be a delinquent for attempted criminal sexual assault. In 1995, he was convicted as an adult of two counts of aggravated battery with a firearm and one count of aggravated discharge of a firearm. He was sentenced to 20 years' imprisonment, and was released in 2004. In 2005, while on parole, Spiller was convicted of aggravated battery of a police officer. In 2006, he was convicted of possession of heroin, and was convicted for possession of a controlled substance stemming from two separate arrests in 2007.

On November 17, 2011, a grand jury returned an indictment charging Spiller in two counts with distributing more than 28 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of selling a loaded firearm to a felon in violation of 18 U.S.C. § 922(d)(1). On November 18, 2011, the government filed a notice seeking increased punishment pursuant to § 851(a), since Spiller had three prior felony drug convictions. On September 12, 2012, Spiller pleaded guilty to all three counts. The presentence investigation report determined that Spiller was a career offender and so applied the career offender Guidelines § 4B1.1(b). Together with the § 851 recidivism

enhancement, the report determined the appropriate Sentencing Guidelines range to be 262 to 327 months' imprisonment.

At sentencing, both sides agreed that the Guidelines range was correctly calculated. Spiller's counsel, however, argued that the § 851 enhancement unreasonably inflated the Guidelines range, resulting in an unwarranted sentencing disparity. After weighing the § 3553(a) factors, the district court sentenced Spiller to 240 months' imprisonment, as well as an eight-year term of supervised release. After the sentence was imposed, Spiller's counsel asked the court for his position concerning § 851 and its impact on the Guidelines range. The district court acknowledged the effect of the § 851 enhancement on Spiller's sentence, stating, "I am not saying it does not impact [the sentence], but the sentence I have derived, since it is below the Guidelines, it is what I think is called for in this case … given all of the criteria of 3553 and all of the circumstances."

## II. DISCUSSION

This Court reviews *de novo* whether the district court committed any procedural error during sentencing. *United States v. Gibbs,* 578 F.3d 694, 695 (7th Cir. 2009); *United States v. Olmeda-Garcia,* 613 F.3d 721, 723 (7th Cir. 2010). A sentencing court commits procedural error by not adequately explaining its choice of sentence. *United States v. Schlueter,* 634 F.3d 965, 966-67 (7th Cir. 2011). While a sentencing court is not required to explain its view on every argument in mitigation or aggravation, it should give reasons to explain the prison sentence imposed. *United States v. Acosta,* 474 F.3d 999, 1003 (7th Cir. 2007). "The sentencing judge should set forth enough to satisfy

the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *United States v. Rita*, 551 U.S. 338, 356 (2007). However, "as long as the sentencing court considers the arguments made in mitigation, even if implicitly and imprecisely, the sentence imposed will be found reasonable." *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010).

The purpose of § 851 is to target recidivism. *United States v. Garcia*, 32 F.3d 1017, 1019-20 (7th Cir. 1994). 21 U.S.C. § 851(a)(1) states,

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Here, the government sought a § 851 enhancement based on Spiller's prior felony convictions, and Spiller does not dispute that it was within the government's discretion to do so. Instead, Spiller contends that the district court committed procedural error when it failed to adequately consider the effect of § 851 on the calculation of the Guidelines range. We disagree. At sentencing, Spiller asked the district court to "look at the crime and focus on the crime and put a sentence based on what other people get for that crime." The district court considered Spiller's argument, but ultimately rejected it, explaining that "the nature of this defendant trumps and

overrides and overwhelms the nature of the crime in this case." It stated that "[Spiller's] criminal record is so bad and so replete with conduct of violence," that a greater sentence was warranted. The district court focused heavily on Spiller's conviction for the sale of a firearm to a felon, and reasoned that this merited a longer sentence. It explained, "It is one thing to sell crack cocaine. It is another to sell a gun that is notably intended for use to kill business competitors or to maim them and make the streets safer for the seller of the drugs and not for society." The court imposed a below-Guidelines sentence of 240 months "in major recognition of the nature of the crime, and the crack/powder disparity," but explained that a longer sentence was necessary due to Spiller's extensive criminal history. Though the district court never explicitly addressed Spiller's § 851 argument, it did so implicitly, and performed the requisite analysis. The court provided a reasoned explanation of the 240-month sentence it imposed, which was 22 months below the recommended Guidelines range. The court committed no error, and we AFFIRM.