**Opinion issued October 8, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00708-CV

———————————

**STAGE STORES, INC., Appellant**

**V.**

**JON GUNNERSON, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-21878**

---

## CONCURRING OPINION

This case presents an issue of contract interpretation: What did the parties

mean when they agreed to a "reasoned award"?

The Court holds that the "award's failure to provide any reasoning regarding

Stage's third contention prevents a determination that the award is reasoned." It

concludes that, under an exception to the *functus officio* doctrine, the matter can be remanded to the arbitrator to complete the adjudication of the award. I agree with the Court and join it. But I would also go further and directly hold that the award is not reasoned—not simply say that we are prevented from determining that the award is reasoned. I write separately to explain why the arbitrator's award was not "reasoned."

"[T]he scope of judicial review for an arbitrator's decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation."[1] "A court sits to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it."[2] To determine whether the arbitrator "did her job," we examine the parties' agreement, which describes that job and the procedures to be used in the arbitration.[3]

---

[1] *MCI Constructors, LLC v. City Of Greensboro*, 610 F.3d 849, 857 (4th Cir. 2010).

[2] *U.S. Postal Serv. v. Am. Postal Workers Union,* 204 F.3d 523, 527 (4th Cir. 2000) (internal quotation marks omitted).

[3] *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 586, 128 S. Ct. 1396, 1404 (2008) (holding that Federal Arbitration Act permits parties to choose many features of their arbitration including variety of procedural issues).

**The Award Was Not "Reasoned" Under the Definition Used by *Cat Charter***

**A.     A reasoned award must at least mention the parties' key contentions**

I agree with the Court that we look to the generally accepted meaning of the phrase "reasoned award" as used in the parties' agreement. The Court, following the Eleventh Circuit's decision in *Cat Charter*, concludes that an award is "reasoned" so long as it "mention[s] . . . expressions or statements offered as a justification."[4] The Eleventh Circuit's definition was not based on the use of that phrase in arbitration proceedings but on one dictionary definition of the word "reasoned."

Nevertheless, the *Cat Charter* definition is a helpful place to begin for three reasons. First, the *Cat Charter* definition predates the parties' agreement. Second, other courts have relied on that definition, including *Rain CII Carbon, LLC v. ConocoPhillips Co.*,[5] which was issued before the parties' agreement by the circuit court with federal jurisdiction over Texas. Third, other authorities have produced similar definitions. For example, in their treatise on commercial arbitration, Thomas Oehmke and Joan Brovins write: "A reasoned award would usually include a detailed listing, or at least mention, of expressions or statements offered

---

[4]     *Cat Charter, LLC v. Schurtenberger*, 646 F.3d. 836, 844 (11th Cir. 2011).

[5]     674 F.3d 469, 473 (5th Cir. 2012).

as a justification of the arbitral decision."[6] Similarly, other scholars have equated a "reasoned award" with an award that reveals "the arbitrator's mode of decision."[7] All of these definitions require some discussion of the arbitrator's justifications for her decision—albeit sometimes so short as to be described as merely mentioning the justification.

*Cat Charter* and *Rain CII Carbon* demonstrate that the award must respond to the losing party's key contentions. In *Cat Charter*, the Eleventh Circuit held that an award was reasoned because it said: "[W]e find that Claimant . . . has proven its claim against [Respondent] by the greater weight of the evidence."[8] Importantly, the controversy in that case "turned primarily upon credibility determinations made by the [Arbitration] Panel. Either the transaction proceeded along the lines of a duly executed contract—the Defendants' story—or the transaction . . . was punctuated by misrepresentations and dubious behavior on the Defendants' part—

---

[6] *See* 3 THOMAS H. OEHMKE WITH JOAN M. BROVINS, COMMERCIAL ARBITRATION § 118:5) (3d ed. 2003).

[7] Stephen L Hayford, *A New Paradigm for Commercial Arbitration: Rethinking the Relationship Between Reasoned Awards and the Judicial Standards for Vacatur*, 66 GEO. WASH. L. REV. 443, 445 (1998). It also describes reasoned awards as "substantive." *Id.* at 448, 455, 460–61. The Alabama Supreme Court described Professor Hayford as "a recognized authority on judicial review of arbitration awards." *Birmingham News Co. v. Horn*, 901 So. 2d 27, 53 (Ala. 2004), *overruled by Horton Homes, Inc. v. Shaner*, 999 So. 2d 462 (Ala. 2008), *overruled by Hereford v. D.R. Horton, Inc.*, 13 So. 3d 375 (Ala. 2009).

[8] *Cat Charter*, 646 F.3d at 844.

the Plaintiffs' story."[9] Thus, looking at the circumstances of that case, the award explained the arbitrators' decision "in the swearing match between the Plaintiffs and the Defendants, the Panel found the Plaintiffs' witnesses to be more credible."[10]

In *Rain CII Carbon*, the Fifth Circuit also looked at the entire set of circumstances of the arbitration in concluding that the arbitrator addressed the parties' key contentions. There, the arbitrator was asked to determine which of two price formulas more accurately estimated the true market price of green anode coke.[11] The arbitrator made this decision "based upon the testimony, exhibits, arguments, and submissions."[12] The Fifth Circuit held that this award was "reasoned" because "the preceding paragraph thoroughly delineates [the defendant's] contention . . . a contention that the arbitrator obviously accepted."[13] That "contention" was a detailed argument explaining why the defendant's formula was more accurate. Thus, the award did not lack reasoning; rather, the arbitrator merely adopted the reasoning articulated by one of the parties.

---

[9]   *Id.*

[10]   *Id.* at 844–45.

[11]   *Rain CII Carbon*, 674 F.3d. at 471.

[12]   *Id.* at 471, 474.

[13]   *Id.* at 474.

*Cat Charter* and *Rain CII Carbon* demonstrate that the entire set of circumstances surrounding the arbitration must be considered in determining whether an award qualifies as "reasoned." And, because the circumstances of those cases demonstrated why the arbitrators had rejected the losing parties' contentions, neither court addressed whether there may be situations when a reasoned award must do more than merely mention a justification.

**B.    The award does not mention one of Stage's key contentions**

The award here does not mention any justification for rejecting the third of Stage's key contentions—notice and an opportunity to cure—because the award both (1) failed to identify this contention and (2) consider or explain why the arbitrator rejected it.

### 1.    The section of the award identifying the parties' contentions omits Stage's third contention

The employment agreement provides compensation benefits to Gunnerson if he terminates the agreement for "good reason." Good reason includes any action by Stage that "materially reduces, decreases or diminishes the nature, status or duties and responsibilities" of Gunnerson provided that Gunnerson gives "notice to the Company of the existence of the event or condition within ninety (90) days of the initial existence of the event or condition and, upon receipt of such notice, the Company has a period of thirty (30) days during which to cure the event or

condition." Additionally, good reason does not include "voluntary retirement of the Executive or any other voluntary action taken by" Gunnerson.

In opening statements, Stage addressed materiality, voluntariness, and lack of notice and opportunity to cure. On the issue of notice, it argued:

> But he had already decided to leave. Before he even gave Stage any sort of notice, it was over. . . . He resigned and he left. And remember, there's a 30-day cure period. Well, there was no opportunity to cure and he left before the end of the 30 days anyway. So even assuming, which we very much disagree with, that there was a breach of 4.4.3(iii), there wasn't an opportunity to cure. And we believe the evidence is going to show what the real reason [for his resignation] was: He wanted to go back home . . . He wanted to go into business with his best friend. . . . He wanted to be the CEO. He wanted to be an owner.

Stage argued the following regarding opportunity to cure:

> Did Stage really have an opportunity to cure? And Mr. Gunnerson admits that if he didn't give them a chance to cure, then he doesn't have good reason. Or had Mr. Gunnerson already made up his mind to leave? And if he had made up his mind to leave before he provided notice, then this decision is pretty easy, because there was no opportunity to cure.

In final argument, Stage again addressed the lack of notice and opportunity to cure:

> Mr. Gunnerson was also aware, it is undisputed, that he had to provide notice, that it had to be in writing, that it had to set forth the event and condition. He testified, if he didn't set forth the event and condition he admits he didn't have good reason. He also admits that if he didn't give Stage the opportunity to cure within 30 days, he doesn't have good reason.

Thus, Stage argued that Gunnerson did not have good cause not only because (1) the diminution in his status was not material and (2) he voluntarily left Stage to

take another job with his brother's company in Ohio, but also because (3) he never provided Stage with notice or an opportunity to cure.

In her summary of the parties' contentions, the arbitrator only identified two major arguments—materiality and voluntariness—by Stage:

> Respondent asserts that Claimant voluntarily elected to leave his job as a result of another job offer, and that the changes to the organizational structure do not rise to the level of a material reduction, decrease or diminution of his status within the organization. As a result, Respondents take the position that no termination payment is due under the terms of the Agreement.

Thus, the award does not identify Stage's third and critical contention that Gunnerson did not give Stage proper notice of or an opportunity to cure any material alteration in "the nature, status, or duties and responsibilities" from his positon as Senior Vice President, Director of Stores.

### 2. The section of the award containing the rulings does not address Stage's third key contention

Likewise, the arbitration award's three rulings—the first of which was undisputed—do not address Stage's third key contention. Rather, the arbitrator simply announced that Gunnerson's diminished status was good cause. Merely stating that one party wins because that party prevailed on the ultimate issue does not satisfy *Cat Charter* if the award does not "mention" a "justification" for why that party won, unless the dispute is a "swearing match" between the parties or other circumstances make the reasoning clear.

**The Award Was Not "Reasoned" Under More Typical Definitions**

Although the arbitration award was not reasoned under *Cat Charter*, I write separately to explain why, in my opinion, the *Cat Charter* definition is unsatisfactory.

The *Cat Charter* definition is a useful starting point but not adequate for all circumstances. For a more comprehensive definition, it is useful to look at the common and legal usage of the word "reasoned" before October 2012, when the parties agreed that the arbitrator would issue a reasoned award. It is also important to consider the parties' reasons for choosing a reasoned award. From these, I would conclude that, in some circumstances, a reasoned award requires not only the mention of a justification but also some further elaboration. In my view, the circumstances of the case and the parties' contentions are critical issues in determining whether a brief statement that only "mentions" a justification is sufficient to provide a reasoned award.

A. **Reasons parties seek a reasoned award**

Requiring a reasoned award to include the arbitrator's justification, without the level of detail and expense associated with findings of fact and conclusions of law, corresponds with the general purposes of reasoned awards. Unlike judicial decisions, an arbitrator's award is not subject to review for mistakes of law.[14] But

---

[14] *Hall*, 552 U.S. at 588.

parties may have other reasons to ask for an explanation. Requiring a reasoned basis for a decision helps ensure that the arbitrator critically evaluates the parties' arguments.[15] "A decision maker obliged to give reasons to support his decision may find they do not; 'the opinion will not write.'"[16] Forcing the arbitrator "to put pen to paper" helps crystalize thinking.[17] Moreover, "[a] public statement of . . . reasons helps provide the public with the assurance that creates . . . trust" in the proceedings.[18] Parties who know that the arbitrator considered their contentions and understand why the arbitrator rejected them can also modify their future conduct to avoid similar results.

An award that offers no explanation would accomplish none of these purposes.

## B. Other uses of the word "reasoned" in legal proceedings focus on substance

A review of the common and legal usage of "reasoned" reveals a more comprehensive rule for identifying the characteristics of a reasoned award. The Oxford English Dictionary defines "reasoned" as: "Characterized by or based on

---

[15] *Cf. Scott v. Monsanto Co.*, 868 F.2d 786, 791 (5th Cir.1989) (explaining that reasons must be given because a trial court's discretion in granting a new trial is not "impenetrable" and to assure that the court "does not simply substitute [its] judgment for that of the jury").

[16] *Arlinghaus v. Ritenour*, 543 F.2d 461, 464 (2d Cir. 1976), *aff'd*, 622 F.2d 629 (2d Cir. 1980).

[17] *See id.*

[18] *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

reasoning, carefully studied."[19] "Reasoning" is defined as "the action of the verb reason, especially the process by which one judgment is deduced from another or others which are given."[20] The verb "reason" is defined as "[t]o explain, support, infer, deal with, by (or as by) reasoning" and "[t]o think out, to arrange the thought of, in a logical manner."[21] These definitions stress the transparency of the decision-making process.

Other dictionaries also define the word "reasoned" in a way that emphasizes the process of reasoning. For example, The Shorter Oxford Dictionary defines "reasoned" as "arrange the thought of in a logical manner, embody reason in; express in a logical form. Also, think out, work out."[22] "Reason" (verb) is defined as "to think in a connected, sensible, or logical manner; to employ the faculty of reason in forming conclusions . . ."[23]

Based on these dictionary definitions, the phrase "reasoned award" in its common usage connotes an arbitrator's award that provides at least a cursory explanation of how the arbitrator reached her decision. And in a legal dispute

---

[19]    13 OXFORD ENGLISH DICTIONARY 292 (2nd ed. 1991).

[20]    *Id.*

[21]    *Id.* at 290.

[22]    2 SHORTER OXFORD ENGLISH DICTIONARY 2481 (6th ed. 2007).

[23]    *Id.* For other examples, see WEBSTER'S NEW WORLD COLLEGE DICTIONARY 1210 (5th ed. 2014) (defining reason as "to think logically about; think out systematically; analyze"); MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY 1037 (11th ed. 2003) (defining "reasoned" as "to justify or support with reasons" or "to discover, formulate, or conclude by the use of reason.").

between two opposing parties, this necessarily requires evaluating the parties' key contentions.

Because arbitration is a form of litigation, the legal meaning of "reasoned" should also be considered. Courts and parties are very familiar with various requirements for a reasoned explanation. Texas courts require expert opinions to provide a reasoned basis.[24] Likewise, courts explain in their decisions that they have a "reasoned basis" for a decision or lack a "reasoned basis" for a contrary decision.[25] An order granting a new trial must provide its reasons.[26] An injunction

---

[24]     *Burrow v. Arce*, 997 S.W.2d 229, 236 (Tex. 1999) (affidavit that expert considered relevant facts and concluded that clients' settlements were all fair and reasonable was conclusory because it did "not supply the basis for those opinions. The opinions must have a reasoned basis which the expert . . . is qualified to state."); *Allbritton v. Gillespie, Rozen, Tanner & Watsky, P.C.*, 180 S.W.3d 889, 892 (Tex. App.—Dallas 2005, pet. denied) (expert must "provide a reasoned basis for his opinion"); *see also Elizondo v. Krist*, 415 S.W.3d 259, 265 (Tex. 2013) (expert opinion was conclusory because it lacked "a demonstrable and reasoned basis on which to evaluate his opinion").

[25]     *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 579 (5th Cir. 1986); *Aggarwal v. Gonzales*, 165 Fed. App'x 322, 324 (5th Cir. 2006); *Goodspeed v. Harman*, 39 F. Supp. 2d 787, 794 (N.D. Tex. 1999); *cf. Goldman v. Weinberger*, 475 U.S. 503, 520, 106 S. Ct. 1310, 1319 (1986) (Brennan, J., dissenting) (arguing that military's yarmulke prohibition had no "reasoned basis" and therefore violated First Amendment).

[26]     *In re United Scaffolding, Inc.*, 301 S.W.3d 661, 663 (Tex. 2010) (holding order granting new trial "in the interests of justice and fairness" was not "a specific reason" for awarding new trial); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 668–89 (Tex. 2012) (explaining reasons must be "cogent," "legally appropriate," and "specific enough to indicate that the trial court did not simply parrot a pro forma template."); *In re Colum. Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 211, 213 (Tex. 2009) (observing that appellate courts must "explain by written opinion their analyses and conclusions as to the issues necessary for final disposition of an appeal" and that trial court must provide its "reasoning,"

must state "the reasons" for its issuance.[27] Various federal rules and statutes require courts to provide reasons for their actions.[28] Courts also frequently reject an argument because a party fails to provide any reasoned basis for it.[29] In these contexts, "reasoned" is synonymous with a principled basis.[30]

---

which includes "an understandable, reasonably specific explanation," when it grants new trial); *cf. In re Volkswagen of Am., Inc.*, 22 S.W.3d 462 (Tex. 2000) (orig. proceeding) (Hecht, J., dissenting) (contending that trial court that grants a motion for new trial should be required "to state a reasoned basis for its ruling").

[27] TEX. R. CIV. P. 683; *see El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 747–48 (Tex. App.—Dallas 2011, no pet.) (observing that "the nature and extent of a trial court's description of the reasons why an applicant will suffer irreparable injury will vary from case to case" and holding that injunction order failed to comply with this rule when "the trial court's temporary injunction order simply recites the conclusory statement that [moving party] has shown that it will suffer an irreparable injury for which it has no other adequate legal remedy.")

[28] *See, e.g.*, FED. R. CIV. P. 59(d) (requiring trial court that grants new trial *sua sponte* to "specify the reasons in its order."); *Milena Ship Mgmt. Co. v. Newcomb*, 995 F.2d 620, 623 (5th Cir. 1993) ("In reviewing an agency action, we inquire whether the agency acted within its authority, adequately considered all the relevant factors, and provided a reasoned basis for its decision."); *Arlinghaus v. Ritenour*, 543 F.2d 461, 464 (2d Cir. 1976) (holding that court should not merely repeat language of rule but should make "brief reasoned statement" for its decision), *aff'd*, 622 F.2d 629 (2d Cir. 1980); *see also United States v. Diaz Sanchez*, 714 F.3d 289, 293 (5th Cir. 2013) (stating that 18 U.S.C. § 3553(c) requires sentencing courts to "provide a reasoned basis for their sentences").

[29] *See, e.g.*, *Larr v. Minn. Mut. Life Ins. Co.*, 924 F.2d 65, 67 (5th Cir. 1991); *Bowers v. ConocoPhillips Co.*, No. 4:13-CV-3054, 2014 WL 2949446 (S.D. Tex. July 1, 2014); *In re Hernandez*, No. H-06-4092, 2007 WL 1886279, at *4 (S.D. Tex. June 29, 2007).

[30] *See, e.g.*, *Hughes v. City of Fort Collins*, 926 F.2d 986, 990 (10th Cir. 1991) (examining whether proponent of position has articulated reasoned and principled basis for proposed extension, modification, or reversal of controlling law).

Courts also speak of reasoned decisions,[31] reasoned analysis,[32] and reasoned explanations[33] when referring to the requirements for some explanation for action taken by a court or government agency.[34] For example, the Texas Rules of Appellate Procedure require courts of appeals to "write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it."[35] In *Gonzalez v. McAllen Medical Center, Inc.*,[36] the Texas Supreme Court held that an intermediate appellate opinion did not comply

---

[31] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1419 (2011) (Sotomayor, J., dissenting); *Cannedy v. Adams*, 706 F.3d 1148, 1156 (9th Cir. 2013), *amended on denial of reh'g*, 733 F.3d 794 (9th Cir. 2013), and *cert. denied*, 134 S. Ct. 1001, 187 L. Ed. 2d 863 (2014); *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013), *cert. denied,* 134 S. Ct. 234 (2013), *reh'g denied*, 134 S. Ct. 730 (2013); *Leonard Pipeline Contractors, Ltd. v. C.I.R.*, 142 F.3d 1133, 1135 (9th Cir. 1998) (holding Tax Court must "spell out its reasoning" and that "[a] reasoned decision as to what is reasonable in this context must bring together the disparate elements and give some account of how the judge has reached his conclusion.").

[32] *Jupiter Energy Corp. v. F.E.R.C.*, 407 F.3d 346, 349 (5th Cir. 2005) ("[A]n agency must cogently explain why it has exercised its discretion in a given manner" and "'must supply a reasoned analysis' for any departure from other agency decisions.") (internal quotation marks omitted).

[33] *Judulang v. Holder*, 132 S. Ct. 476, 479, 181 L. Ed. 2d 449 (2011) ("When an administrative agency sets policy, it must provide a reasoned explanation for its action. That is not a high bar, but it is an unwavering one.").

[34] *CenterPoint Energy Entex v. R.R. Comm'n of Tex.*, 213 S.W.3d 364, 373 (Tex. App.—Austin 2006, no pet.) (citations omitted) ("[A]n agency must provide a basis for its rejection of uncontradicted, unimpeached testimony that is neither inherently improbable or conclusory. The Commission can reject such uncontradicted evidence if it explains or makes findings that permit courts to review the reasonableness of that rejection, but a failure to explain can result in reversal.").

[35] TEX. R. APP. P. 47.4.

[36] 195 S.W.3d 680, 681 (Tex. 2006).

with this rule when it "concluded summarily: 'Considering the record in its entirety, we hold that appellants' factual sufficiency challenge fails because the jury's verdict was not against the great weight of the evidence. We overrule appellants' first six issues.'" The Court explained that although detailed evidentiary recitations are unnecessary, "merely stating" that a factual sufficiency challenge is overruled "does not count as providing the 'basic reasons' for that decision."[37] Instead, "a memorandum opinion generally should focus on the basic reasons why the law applied to the facts leads to the court's decision."[38] The Texas Supreme Court reversed and remanded the court of appeals' judgment.[39]

Guidance for measuring whether an arbitrator's award is "reasoned" should also come from the requirement that district courts provide a "reasoned" basis for criminal sentencings. The requirements for a reasonable explanation "are easily recited, but are necessarily resistant to refinement into bright-line rules:

---

[37]    *Id*.

[38]    *Id*.

[39]    *Id.* at 682. In a similar case, the Court concluded that a court of appeals violated Rule 47.4 when its entire justification "for reversing [a] trial court's judgment [was contained] in [the following] single paragraph: 'After a thorough review of the entire record, we find that the evidence conclusively establishes, as a matter of law, all vital facts to support a finding of payment. We must sustain Scott's legal sufficiency issues because the evidence conclusively establishes the opposite of a vital fact found by the trial judge (*i.e.,* nonpayment).'" *Citizens Nat'l Bank in Waxahachie v. Scott*, 195 S.W.3d 94, 96 (Tex. 2006).

the . . . reason-giving requirement is a flexible, context-specific command."[40]

Because of these flexibilities, a reasoned basis does not require "a full opinion in every case. The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances."[41] Some reasoning may be implicit but clear from the context.[42] In some instances the arbitrator may reject arguments "implicitly and imprecisely."[43]

Applying these rules demonstrates that *Cat Charter*'s definition is overinclusive because it omits the potential that an award may implicitly reject a key contention. In other circumstances it is overinclusive because it could be read—unwisely—as requiring the arbitrator to address every contention, no matter how minor or frivolous, of the losing party. The *Cat Charter* definition is overinclusive if it requires the arbitrator to mention or discuss a party's argument that "lacks any factual basis or legal merit."[44] Finally, it is overinclusive if it requires the arbitrator to mention contentions that "are 'conceptually straightforward,' such that [the parties] may assume, even absent express analysis

---

[40]     *See United States v. Diaz Sanchez*, 714 F.3d 289, 293 (5th Cir. 2013) (discussing requirement of reasoned basis for sentence).

[41]     *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

[42]     *See id.* ("Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word 'granted' or 'denied' on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear.").

[43]     *See United States v. Spiller*, 732 F.3d 767, 769 (7th Cir. 2013).

[44]     *See United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009).

by the [arbitrator], that the [award] reflects consideration of the argument."[45] These exceptions to the requirement of an explicit mention or discussion of a key contention are appropriate because of the strong federal interest in promoting a prompt and final arbitration.

On the other hand, the *Cat Charter* definition can, in some circumstances, also be underinclusive because it may be necessary not just to mention but to offer a brief reason for rejecting the losing party's key contentions. The major guidepost for determining when an explicit discussion is required is that the award should set forth enough detail, given the circumstances of the case, to show that the arbitrator has considered the losing parties' key arguments and "has a reasoned basis for" rejecting them.[46] An arbitrator writing a reasoned award "must generally speak to arguments that are clearly presented and in dispute."[47] The arbitrator "need not engage in robotic incantations" of each and every argument, but should address the key arguments.[48]

---

[45]  *Id*. (quoting *United States v. Vonner*, 516 F.3d 382, 388 (6th Cir. 2008) (en banc)).

[46]  *See Rita*, 551 U.S. at 356, 127 S. Ct. at 2468 (treating sentencing orders, which require a judge to "state" his reasons," as similar to "reasoned decisions").

[47]  *See Simmons*, 587 F.3d at 361. (discussing requirements for reasoned decision for sentencing); *see also Diaz Sanchez*, 714 F.3d at 294 (a reasoned award should include "a few words . . . rejecting" the losing party's key contentions).

[48]  *See Diaz Sanchez*, 714 F.3d at 294; *cf. United States v. Knight*, 613 F.3d 1172, 1173 (8th Cir. 2010) (stating that in sentencing order, the district court "need not specifically respond to every argument made by the defendant, or mechanically recite each" statutorily-prescribed sentencing factor) (quoting *United States v. Struzik*, 572 F.3d 484, 487 (8th Cir. 2009)); *Spiller*, 732 F.3d at 769 ("While a

The award should be reviewed in the context of the proceeding as a whole, including the amount in controversy, the nature of the case, the complexity of the evidence and arguments, and the procedures followed in the arbitration such as whether the rules of evidence were followed, whether a court reporter was used, and whether the parties' contentions were reflected in writing. Thus, "a pragmatic, totality-of-the-circumstances review" should be used to determine whether an arbitrator's award satisfies the contractually-agreed requirement of a reasoned award.[49]

## C.      Conclusion: Reasoned awards must give an explanation

Each of these contexts—dictionaries, courts, and the reasons parties seek an explanation in an arbitration award—suggest that a "reasoned award" must offer some basic explanation for either rejecting the losing party's key contentions or accepting the prevailing party's opposing response unless the contentions are unclear, frivolous, their rejection is so conceptually straightforward that the

---

sentencing court is not required to explain its view on every argument in mitigation or aggravation, it should give reasons to explain the prison sentence imposed."); *Ghassan v. INS,* 972 F.2d 631, 636 (5th Cir.1992), *cert. denied,* 507 U.S. 971, 113 S. Ct. 1412 (1993) (internal citations omitted) ("The [Board of Immigration Appeals] need not 'write an exegesis on every contention.' . . . [but] its opinion must reflect that 'it has heard and thought and not merely reacted.'").

[49]     *See Diaz Sanchez*, 714 F.3d at 294 (adopting "a pragmatic, totality-of-the-circumstances review into whether the district court evaluated the parties' sentencing arguments and rooted its sentence in permissible sentencing factors.").

justification for rejecting them is implied or is unnecessary, or the rejection of the contention is implicit in other portions of the award.

To be clear, the omitted issue must be a key issue. Admittedly, determining a party's key contentions may be difficult, particularly when, as here, a party does not put those contentions in writing. But Stage's third contention was potentially dispositive and argued more than once in the oral argument, which a court reporter transcribed, before the arbitrator. Gunnerson's counsel conceded at oral argument that Stage raised its notice and cure defense "a lot" during the arbitration. Finally, Stage's three contentions correspond to the three requirements for "good cause" in the written contract. Therefore, I have little difficulty treating it as a key contention.

Second, as discussed earlier, an arbitrator need not address contentions that are not clearly presented, conceptually straightforward, or frivolous on their face no matter how much time a party spends on the issue. Even when the issue meets these criteria, an award may contain reasoning that is implicit but clear from the context.

The entirety of the award as well as the circumstances of the dispute and the arbitration proceeding may make it unnecessary to address a contention. But in this case no circumstances justify the failure to address Stage's notice and opportunity-to-cure defense. That defense was a major part of Stage's case and potentially case

dispositive. Stage's argument on the issue were not frivolous or unclear. Nor is the arbitrator's rejection of them conceptually straightforward or simple. Finally, the award does not implicitly address this contention. Thus, under both the *Cat Charter* definition and my suggested definition, the award is not reasoned.[50]


                                Harvey Brown
                                Justice

Panel consists of Justices Keyes, Higley, and Brown.

Justice Brown, joining the majority and concurring.

Justice Keyes, dissenting.

---

[50] The arbitrator's failure to explicitly address Stage's materiality contention is an example of when a contention may be implicitly rejected because, as the Court notes, the award specifically mentions this contention by Stage so the parties know she considered it.