2023 IL App (1st) 220388-U

FIRST DISTRICT,
FIRST DIVISION
November 6, 2023

No. 1-22-0388

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 93 CR 1894501 |
| | ) | |
| GILBERT SPILLER, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's dismissal of defendant's "Petition for Writ of *Coram Nobis*" is affirmed where the circuit court was not required to recharacterize the pleading as a Section 2-1401 petition and the petition was untimely.

¶ 2    Following a jury trial in 1995, defendant Gilbert Spiller was convicted of four counts of aggravated battery with a firearm and sentenced to concurrent terms of 20 years of imprisonment.[1]

---

[1] The State asserts and defendant does not deny that he failed to include a full record of proceedings in the instant case. Instead, defendant relies on "parts of the record filed under appellate court number 19-2438 due to the confusion related to [his] additional cause numbers after severance and the multiple appeal notices for the same issue." See *People v. Spiller*, No. 1-19-2438 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c)). It is " 'well within' our authority to take judicial notice of court records in related cases." *People v. Torres*, 2019 IL App (1st) 151276, ¶ 36 (citing *In re N.G.*, 2018 IL 121939, ¶ 32).

Defendant was released on parole in 2004. While on parole in 2005, defendant was convicted of aggravated battery of a police officer. *U.S. v. Spiller*, 732 F.3d 767, 768 (7th Cir. 2013). He was also convicted of possession of a controlled substance in 2006 and two counts of possession of a controlled substance in 2007. *Id.* Defendant was discharged from parole on July 15, 2009.[2] On September 12, 2012, defendant pled guilty to federal drug and firearm offenses and is currently serving a 240-month sentence in the Federal Bureau of Prisons. *Id.* On November 13, 2019, defendant filed a *pro se* "Petition for Writ of *Coram Nobis*," challenging his 1995 aggravated battery with a firearm convictions on the basis of newly discovered evidence. For the following reasons, we affirm the trial court's dismissal of the petition.

¶ 3                                     I. BACKGROUND

¶ 4                                         A. Trial

¶ 5        Chicago Police Lieutenant Robert Voight testified that on July 15, 1993, he arrived at the intersection of 75th Street and Coles Avenue and observed Corey Johnson lying on the street with "a massive gunshot wound to the head." Voight later learned that four other individuals—Steven Reed, Darryl Wiley, Dwayne Williams, and Oscar Stricklin—had also been shot at that intersection.

¶ 6        Dianatha Johnson testified that she was at 75th and Coles around 9:45 p.m. meeting friends, including Corey, when she noticed a "maroon and gray" car drive by with its lights off. The car returned with its lights on and "opened up fire." Dianatha recognized defendant sitting behind the driver of the car. He and the three other occupants were shooting guns in her direction.

¶ 7        Oscar Stricklin testified he saw a Chevrolet car "roll[] up" to the intersection of 75th and

---

[2] The appendix to the State's brief includes a printout from the records of the Illinois Department of Corrections. See *People v. Johnson*, 2021 IL 125738, ¶ 54 (Illinois courts may take judicial notice of facts that are readily verifiable by referring to sources of indisputable accuracy, such as a court record or a public document, including the Department of Corrections' records on its website).

Coles with its lights off and "three people in the car" started shooting. He recognized defendant as one of the shooters, sitting in the back seat. Stricklin was struck in the heel with a bullet.

¶ 8        Dwayne Williams testified he was with his friend, Darryl Wiley, near 75th and Coles when he heard gunshots. Williams was shot in the right foot and Wiley was shot in the chest. Williams did not know who shot him or where the bullets came from. Williams testified that Wiley died "a couple of months" before trial.

¶ 9        Demetrius Farr testified he saw a grey and maroon Chevrolet car with its headlights off slowly pass him from behind near 75th and Coles. There were four people in the car, including defendant. When the car slowed down at a stop sign, Demetrius saw "guns come out the window" shooting. Demetrius recognized defendant as one of the shooters.

¶ 10       Chicago Police Detective Don McGrath arrested defendant on July 19, 1993. Farr identified defendant in a physical lineup as an individual "who had been involved in the shooting that evening on the 15th."

¶ 11       Defendant was convicted of four counts of aggravated battery with a firearm. See *People v. Spiller*, No. 1-19-2438 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 12                                      B. Post-Trial

¶ 13       Defendant filed a motion for judgment notwithstanding the verdict, alleging that the evidence was insufficient to support his convictions for aggravated battery with a firearm of Stephen Reed and Darryl Wiley, which was denied by the trial court. At the conclusion of defendant's sentencing hearing on June 12, 1995, the trial court sentenced him to concurrent terms of 20 years' imprisonment on four counts of aggravated battery with a firearm. Defendant did not directly appeal the judgment of the circuit court.

¶ 14       Defendant was released from Illinois Department of Corrections (IDOC) imprisonment in

2004. See *Spiller*, 732 F.3d at 768. While on parole, defendant was convicted of aggravated battery of a police officer and sentenced to two years' imprisonment on May 13, 2005. Defendant was convicted of possession of a controlled substance and sentenced to two years' imprisonment on August 10, 2006. He was also convicted of two counts of possession of a controlled substance and sentenced to terms of two years' and one year's imprisonment, respectively, on September 25, 2007. Defendant completed his most recent IDOC sentence in 2009.

¶ 15                    C. Federal Convictions, Sentences, and Appeals

¶ 16        On November 17, 2011, a federal grand jury returned an indictment charging defendant with distributing more than 28 grams of cocaine and selling a loaded firearm to a felon. *Spiller*, 732 F.3d at 768. The next day, the government filed a notice seeking increased punishment pursuant to 21 U.S.C. § 851(a), based on defendant's three prior felony narcotics convictions. *Id.* On September 12, 2012, defendant executed a "blind plea" of guilty on all three counts. *Spiller v. United States*, 855 F.3d 751, 754 (7th Cir. 2017). Defendant was ultimately sentenced to 240 months' imprisonment. *Id.* On appeal, the United States Court of Appeals for the Seventh Circuit affirmed defendant's convictions and sentence. *Id.*

¶ 17                          D. Challenges to Illinois Convictions

¶ 18        On July 11, 2019, defendant filed a *pro se* petition for relief under the Illinois Post Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), alleging that "newly discovered evidence," showed he was actually innocent of the 1995 crimes. Defendant claimed that Farr, Brooks (née Johnson), Stricklin, and Williams had been "coerced" to testify falsely by Chicago Police officers and that the prosecutor knowingly presented their perjured testimony at trial.

¶ 19        Defendant supported his claim with affidavits executed by Brooks and Farr on April 15, 2019. Farr averred that he saw the drive-by shooting the night of July 15, 1993, but that he could

not identify the shooter because "it was to[o] dark." Brooks averred that she did not see the shooting but had identified defendant during the investigation to avoid being charged with possession of a stolen motor vehicle.

¶ 20        On October 2, 2019, the circuit court entered an order dismissing defendant's petition for lack of jurisdiction, noting that the Act "applies only to persons imprisoned in a penitentiary," and defendant had "successfully completed his sentence on July 15, 2009, approximately 10 years before the filing of the instant petition."

¶ 21        Defendant appealed the October 2, 2019, order dismissing his post-conviction petition. The Office of the State Appellate Defender (OSAD) moved to withdraw as counsel of record, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), which this court allowed on June 26, 2023, affirming the trial court's dismissal of the postconviction petition. *People v. Spiller*, No. 1-19-2438 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 22        On November 13, 2019, defendant filed the instant "Petition for Writ of *Coram Nobis*," alleging "newly Discovered Evidence" of actual innocence. In support, defendant attached the April 15, 2019, affidavits of Brooks and Farr.

¶ 23        On January 7, 2020, the circuit court dismissed defendant's petition in a written order. The court noted that "[t]he Illinois legislature has *** abolished the Writ of Error *Coram Nobis*, and replaced it with a section 2-1401 petition for relief of judgment (735 ILCS 5/2-1401 (West 2012))," but that it was not required to "construe a petition for Writ of Error *Coram Nobis* as a petition under section 2-1401." The court further explained that "[e]ven if this court were to re-characterize [the] pleading as a petition for relief of judgment pursuant to section 2-1401 of the Civil Code, the petition would still be denied" because defendant had not filed it "until November 13, 2019, more than 24 years after his conviction, and well beyond the two year limit."

¶ 24        Defendant filed a notice of appeal on February 14, 2020. On March 9, 2022, the Illinois

No. 1-22-0388

Supreme Court allowed defendant's motion for a supervisory order that directed this court "to treat the notice of appeal file-stamped February 14, 2020, as a properly perfected appeal" from the circuit court's January 7, 2020, order and appointed OSAD as appellate counsel.

¶ 25                                    II. ANALYSIS

¶ 26                      A. Compliance with Illinois Supreme Court Rules

¶ 27    Initially, the State argues that defendant's brief does not comply with Illinois Supreme Court Rule 341 governing appellate briefs and urges this Court to "take actions it deems appropriate." Defendant does not dispute these assertions but argues that "the substance of appeal is clear."

¶ 28    "Failure to comply with the rules governing appellate briefs is not an inconsequential matter," and a party's "failure to comply with Rule 341 is grounds for disregarding its arguments on appeal." *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005)."Where an appellant's brief does not comply with the rules, this court has inherent authority to dismiss the appeal for noncompliance." *People v. Williams*, 2020 IL App (3d) 180024, ¶ 25.

¶ 29    We agree that defendant's brief does not comply with numerous Illinois Supreme Court Rules, including: Rule 341(a), which requires that "Typeface must be 12-point or larger throughout the document, including quoted material and any footnotes" (Ill. S. Ct. R. 341(a) (eff. Oct. 1, 2020)); Rule 341(h)(2), which requires "An introductory paragraph stating (i) the nature of the action and of the judgment appealed from and whether the judgment is based upon the verdict of a jury" (Ill. S. Ct. R. 341(h)(2) (eff. Oct. 1, 2020)); Rule 341(h)(6), which requires that appellant's brief contain a "Statement of Facts, which shall contain the facts necessary to an understanding of the case *** *with appropriate reference to the pages of the record on appeal*" (Emphasis added)

(Ill. Sup. Ct. R. 341(h)(6) (eff. Oct. 1, 2020)); and Rule 341(h)(7)[3], which requires that appellant's brief contain an Argument section "which shall contain the contentions of the appellant and the reasons therefor, *with citation of the authorities and the pages of the record relied on*" (Emphasis added) (Ill. Sup. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)).

¶ 30     Additionally, it is well established that "[i]t is the appellant's burden to present a sufficiently complete record of the proceedings at trial to support a claim of error." *In re Linda B.*, 2017 IL 119392, ¶ 43. Defendant has failed to do so and instead relies on "parts of the record filed under appellate court number 19-2438 due to the confusion related to [his] additional cause numbers after severance and the multiple appeal notices for the same issue."

¶ 31     We remind defendant that the requirements of Rule 341 are not optional, a suggestion, or a "hollow ritual." *In re H.C.*, 2023 IL App (1st) 220881, ¶ 155. However, because the record is not long and the issues are relatively simple, we will not penalize the defendant for lapses of his counsel. *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999); see also *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005) (striking an appellate brief is a "harsh sanction" and appropriate only where the alleged violations of procedural rules interfere with or preclude review).

¶ 32                    B. Recharacterization of Defendant's *Coram Nobis* Petition

¶ 33     Defendant argues that the circuit court erred by not recharacterizing his "Petition for Writ of *Coram Nobis*" as a section 2-1401 petition for relief of judgment. 735 ILCS 5/2-1401. He alleges that the circuit court's failure to reach his claims of actual innocence and new evidence "resulted in a fundamental miscarriage of justice."

---

[3] Defendant's opening brief also did not contain a sufficient statement of jurisdiction pursuant to Rule 341(h)(4)(ii),which requires the appellant to indicate "the basis for appeal including the supreme court rule or other law which confers jurisdiction upon the reviewing court." Ill. Sup. Ct. R. 341(h)(4)(ii). In his reply brief, defendant requests to correct this jurisdictional statement "to the extent necessary."

¶ 34    "The purpose of the writ of error *coram nobis* at common law *** is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition." *People v. Touhy*, 397 Ill. 19, 24 (1947). The Illinois legislature expressly abolished the writ of error *coram nobis* and replaced it with a series of statutory provisions that provide a mechanism for obtaining collateral relief from final judgments. *Price v. Philip Morris, Inc.*, 2015 IL 117687, ¶ 34. Presently, section 2-1401 petitions provide the avenue for relief originally available under the writ. *Id.* ¶ 33; 735 ILCS 5/2-1401.

¶ 35    The circuit court properly recognized that there is no authority *requiring* it to construe defendant's petition for a writ of error *coram nobis* as a section 2-1401 petition. *Cf. People v. Swamynathan*, 236 Ill. 2d 103, 112 (2010) ("A trial court is not required to recharacterize a *pro se* pleading as a postconviction petition, if the claims raised are cognizable under the Act, although this court has encouraged trial courts to do so when appropriate.").

¶ 36    Furthermore, as recognized by the trial court, even if defendant's petition had been recharacterized as a section 2-1401 petition, the pleading was still fatally deficient. With certain limited exceptions that are inapplicable in this case, section 2-1401 specifically provides that "the petition must be filed not later than 2 years after the entry of the order or judgment" from which relief is sought. 735 ILCS 5/2-1401(c). "Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed" is excluded in computing the period of two years. *Id.*

¶ 37    Here, it is undisputed that defendant filed his petition more than 24 years after "entry" of the convictions at issue in this case. *Id.* Defendant argues that his petition was not untimely because the grounds for relief were fraudulently concealed (*i.e.*, defendant contends that the State "affirmatively attempted to prevent [him] from learning of" the perjured testimony of Farr and

Brooks). This claim is not supported by specific factual allegations or citations to the record, in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). "The failure to provide proper citations to the record is a violation of the rule, the consequence of which is the forfeiture of the argument lacking those citations." *People v. Sprind*, 403 Ill. App. 3d 772, 779 (2010).

¶ 38    Furthermore, under the fraudulent concealment exception to the section 2-1401 time limitation, "the defendant *must allege facts* demonstrating that his opponent affirmatively attempted to prevent the discovery of the purported grounds for relief and *must offer factual allegations* demonstrating his good faith and reasonable diligence in trying to uncover such matters before trial or within the limitations period." (Emphasis added.) *People v. McLaughlin*, 324 Ill. App. 3d 909, 918 (2001). The record does not support defendant's conclusory allegations that Farr, Brooks, Chicago police detectives, and prosecutors fraudulently concealed the "perjur[ed]" testimony of Farr and Brooks. See *People v. Hilliard*, 109 Ill. App. 3d 797, 802 (1982) ("The mere recantation of prior testimony is not even sufficient proof in itself to establish that the earlier testimony was perjured.").

¶ 39    The petition was filed more than two years after the entry of defendant's aggravated battery with a firearm convictions and was properly dismissed by the trial court.

¶ 40                                III. CONCLUSION

¶ 41    For the reasons set forth above, we affirm the judgment of the circuit court of Cook County.

¶ 42    Affirmed.