# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 18-11300
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE CORTEZ, JR.,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-122-1

———————

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant George Cortez, Jr., challenges the 36-month sentence of imprisonment imposed following the revocation of supervised release for his 2008 conviction for conspiracy to possess with intent to manufacture and distribute methamphetamine. Cortez contends that his sentence, which exceeded the range provided in the policy statements of the Sentencing Guidelines, is procedurally and substantively unreasonable.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11300

Revocation sentences generally are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Because Cortez failed to object on the procedural reasonableness grounds he asserts on appeal, we review those arguments for plain error. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009). Under a plain error standard, Cortez must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have discretion to correct such an error, but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record shows that the district court was aware of the advisory range, that it implicitly considered that range, and that it stated that it had considered all relevant § 3553 factors. *See United States v. Smith,* 440 F.3d 704, 707 (5th Cir. 2006). The record also shows that the district court heard Cortez's mitigation arguments and even discussed some of them with the parties, but it found those arguments insufficient to excuse Cortez's continued violation of the conditions of supervised release. *See United States v. Fraga,* 704 F.3d 432, 438-39 (5th Cir. 2013). Finally, the district court sufficiently explained the chosen sentence because its statements, in the context of the entire hearing, show that it evaluated the various sentencing arguments and based the sentence on Cortez's repeated failure to comply with the conditions of his supervised release. *See United States v. Diaz Sanchez*, 714 F.3d 289, 294 (5th Cir. 2013). Cortez has not shown that the district court plainly erred or that his sentence is procedurally unreasonable.

We review the substantive reasonableness of the sentence for "an abuse of discretion, examining the totality of the circumstances." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Although Cortez's 36-month

No. 18-11300

sentence exceeds the policy statement range of 7 to 13 months, it is within the statutory maximum of 60 months. "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Id.* (internal quotation marks and citation omitted). Cortez has not shown that the district court failed to account for a factor that should have received significant weight, gave significant weight to any irrelevant or improper factors, or clearly erred in balancing the sentencing factors. *See id.* Accordingly, Cortez has not established that the district court abused its discretion or that his sentence is substantively unreasonable.

The judgment is AFFIRMED.